■ GLORIA NUTKIEWICZ, Respondent, v NADAV NUTKIEWICZ, Appellant.—In a matrimonial action, the defendant husband appeals from so much of a judgment of the Supreme Court, Kings County (Rigler, J.), dated February 26, 1985, as directed that his visitation with his son be supervised by the plaintiff wife, in a public place to be chosen by the wife, every Sunday between 1:00 P.M. and 3:00 P.M.

Judgment reversed insofar as appealed from, without costs or disbursements, and matter remitted to the Supreme Court, Kings County, for an immediate hearing on the question of the visitation to be afforded to the husband. In the interim, the visitation provisions in the separation agreement shall apply.

Initially, we note that this appeal properly lies. No appeal lies from a judgment entered on consent or default (CPLR 5511; *Bahr v Bahr,* 105 AD2d 725), and the proper procedure

to challenge such a judgment is a motion to vacate. However, the defendant maintains that, by consent, the purported inquest taken was to be limited to matters within the settlement agreement, and the plaintiff improperly interjected additional allegations concerning visitation, in contravention of the stipulation. After the inquest but prior to judgment, the defendant vigorously contested the then proposed judgment by letter dated February 11, 1985. Under these circumstances, an appeal will lie from such a final judgment, but review is limited to matters which were the subject of contest before Special Term (see, James v Powell, 19 NY2d 249; Central Savannah Riv. Area Resource Dev. Agency v White Eagle Intl., 110 AD2d 742; Katz v Katz, 68 AD2d 536).

Pursuant to the parties' understanding that the husband would not contest the divorce sought by the wife on the basis of a separation agreement whose terms granted him "reasonable liberal rights of visitation" with their son, the husband did not appear at the divorce inquest. The separation agreement specifically provided that its terms were to be incorporated into any final judgment of divorce. At the hearing, in the prearranged absence of the husband, the wife sought an order restricting the husband's visitation rights, and this was granted as part of the final judgment.

Special Term may make or modify visitation provisions in its discretion "after such notice to the other party * * * as the court shall direct" (Domestic Relations Law § 240 [1]). Since the husband in this matter had no notice that the wife would seek restriction of his visitation rights at the inquest, he was deprived of his opportunity to be heard and to contest the necessity for the request (see, Sipos v Kelly, 66 AD2d 1022). Under the circumstances of this case, Special Term should not have acted on a unilateral application to revise the visitation set forth in the separation agreement without notice to the husband. The court should have adjourned this matter so as to provide an opportunity for the husband to participate in the hearing. Therefore, that part of the judgment which modified the visitation rights provided in the separation agreement, without an opportunity to be heard on the part of the husband, cannot stand. Niehoff, J. P., Rubin, Kunzeman and Spatt, JJ., concur.