■ In the Matter of FERNANDO GARCIA, Appellant-Respondent, v PAMELA DOAN, Respondent-Appellant.—Mahoney, P. J. Cross appeals from an order of the Family Court of Saratoga County (Ferradino, J.), entered May 1, 1986, which, *inter alia,* permitted respondent to reside in Texas while retaining sole custody of the parties' child and broadened the visitation rights of petitioner.

Petitioner and respondent were married in 1974 in Texas and had one child, Andrew T. Garcia. In 1980, the parties were divorced and the Texas court awarded custody of the child to respondent. In 1981, respondent married her present husband and moved with the child to Connecticut where her new husband was stationed as a member of the United States Navy. After subsequently serving at a nuclear reactor site in Saratoga County for a period of 3½ years, respondent's husband accepted a civilian job in Texas because it accommodated his desire to remain employed in his field of electrical maintenance and operations training at a nuclear power facility and was close to both petitioner's and respondent's families. Respondent, her husband, and the subject child moved to Texas in May 1985 and the child has been enrolled in a Texas school since the fall of 1985.

Petitioner, by order to show cause, petitioned for sole custody of the child, asserting, *inter alia,* that respondent had continually interfered with petitioner's visitation rights and that respondent's primary reason for moving back to Texas was to further interfere with his visitation rights. After a hearing, Family Court found that respondent's move was economically necessary and accomplished in good faith. The court ruled that it was in the best interest of the child, who is now eight years old, to remain in the custody of respondent. However, based on the recommendation of the Law Guardian that visitation be broadened, the court modified the Texas visitation order to permit visitation with petitioner in Dutchess County, where petitioner is now living and working, during the child's winter and spring vacations during the school year, and for the summer vacation commencing three days after the end of the child's school year and ending three days prior to the commencement of the new school year. Both petitioner and respondent appeal from such order.

In cases such as this, the primary concern is the best interest of the child *(see, Eschbach v Eschbach,* 56 NY2d 167). While the best interest of the child is furthered by reasonable and significant access to the child by both parents *(Daghir v Daghir,* 82 AD2d 191, 193-194, *affd* 56 NY2d 938) and geographical moves "by the custodial parent to a distant domicile will not be permitted when it would effectively deprive the noncustodial parent of regular access to the child of the marriage" *(Schwartz v Schwartz,* 91 AD2d 628, 629; *see, Weiss v Weiss,* 52 NY2d 170; *Morgano v Morgano,* 119 AD2d 734, 735-736), such a policy is not absolute *(Matter of Savino v Savino,* 110 AD2d 642, *lv denied* 65 NY2d 606), and the custody issue must be resolved on a case-by-case basis *(Kozak v Kozak,* 111 AD2d 842, 843, *appeal dismissed* 66 NY2d 913).

Here, it was established at the hearing that respondent's husband did not reenlist in the Navy, was unable to find employment within New York and the northeast, and elected to return to Texas because that was the only area that offered him permanent employment that would maximize his status and thus his income. Accordingly, we find that Family Court did not abuse its discretion in continuing sole custody of the child with respondent despite her move back to Texas. Furthermore, this case is distinguished by the fact that both petitioner and respondent were born in Texas and their families still reside there. Hence, the child will have the benefit of having members on both sides of the family close to him. Finally, the record shows respondent to be a caring and able mother, as is evident from the child's advancement in school. "Where there is no indication that a change in custody will result in significantly enhancing a child's welfare, it is generally considered in his best interest not to disrupt his life" *(Pawelski v Buchholtz,* 91 AD2d 1200, 1201). Also, priority is accorded to the initial award of custody *(Matter of Nehra v Uhlar,* 43 NY2d 242, 251). Based on the facts herein, we will not disturb the award of custody.

Next, we agree with respondent's contention that Family Court abused its discretion in establishing the visitation of the child with petitioner in New York during all vacations from school except for the Christmas holiday, for which the visitation schedule provides visitation with petitioner, for all or one half of the Christmas vacation in alternating years. The standard to be applied in resolving visitation disputes is the best interest of the child (Domestic Relations Law § 70). While it is clear that liberalized visitation should be awarded petitioner given the distance between New York and Texas, we

feel that the child should have some opportunity to remain in Texas other than the time he spends in school so that he can pursue extracurricular activities and develop socially. Moreover, the visitation schedule set by Family Court does not provide respondent with any opportunity to vacation with her son. We hold that a better balancing of visitation rights between petitioner and respondent is possible and in the child's best interest. Accordingly, we set aside the visitation schedule and remit the matter for the establishment of a more balanced visitation schedule.

Order modified, on the law, without costs, by reversing so much thereof as set forth petitioner's visitation rights; matter remitted to the Family Court of Saratoga County for further proceedings not inconsistent herewith; and, as so modified, affirmed. Mahoney, P. J., Kane, Weiss, Yesawich, Jr., and Levine, JJ., concur.