■ In the Matter of ALBERT J. ELLOR, Respondent, v CHRISTINE M. ELLOR, Appellant.—Mahoney, P. J. Appeal from an order of the Family Court of Broome County (Esworthy, J.), entered August 17, 1987, which granted petitioner's application, in a proceeding pursuant to Domestic Relations Law § 240, for custody of the parties' daughter.

The parties were married on December 19, 1981 and have resided in Broome County with their daughter, who was born on June 6, 1982. In February 1987 respondent and the daughter left the marital residence and moved to Ohio to reside with respondent's parents. By order to show cause, petitioner commenced this proceeding for custody, which respondent opposed. Family Court issued a temporary order continuing joint custody without designating a principal place of residence. Following a hearing, Family Court found that it was not in the daughter's best interest to move to Ohio and ordered custody to be with petitioner subject to liberal visitation by respondent, who, upon returning to New York, will be afforded joint custody with principal place of residence to be decided at such time. Respondent appeals.

In determining custody, the primary concern is the best interest of the child (Eschbach v Eschbach, 56 NY2d 167, 171), which must be determined by the facts of each case (Matter of Garcia v Doan, 132 AD2d 756, 757, lv dismissed 70 NY2d 796). A move to a distant locale by the custodial parent is disfavored, absent exceptional circumstances, because it deprives the noncustodial parent of the opportunity to nurture and guide the child (Weiss v Weiss, 52 NY2d 170, 175; Matter of Paesch v Paesch, 130 AD2d 798, 799, lv dismissed 70 NY2d 723). Of course, the trial court's findings must be given great respect because of the sensitive nature of custody cases (Zaleski v Zaleski, 128 AD2d 865, 866, lv denied 70 NY2d 603).

Applying these settled principles, we conclude that Family Court did not err in awarding custody of the parties' daughter to petitioner. Respondent justifies her move to Ohio on financial, employment and medical reasons. The record, though, reveals that respondent, a nurse, did not seek work in New York before moving, was not employed in Ohio and lived with her parents in Ohio. These facts refute respondent's reliance on financial and employment reasons to constitute exceptional circumstances warranting her move to Ohio with the child (see, e.g., Matter of Ferguson v Ressico, 125 AD2d 915, 916). Similarly, the medical evidence submitted does not show that Ohio is more conducive to respondent or the child's health or that medical treatment was not available in New York. To the contrary, there is some indication that the child's behavior and well-being worsened while living in Ohio. Such facts do not rise to the level of exceptional circumstances necessary to permit relocation with the child by the custodial parent (see, e.g., Matter of Stroh v Hubbard, 133 AD2d 489, 490).

In reaching this conclusion, we reject respondent's conten-

tion that Family Court erred in failing to make an express finding of petitioner's parental fitness before awarding him custody. We are not aware of any requirement for such an explicit finding and the important question is whether the record supports a finding of fitness. Petitioner is educated with responsible employment and can financially support the child. Although he has been able to indulge in his work and hobbies because respondent was the child's primary caregiver pursuant to the parties' agreement, petitioner testified that he has arranged his work schedule and leisure time to be able to provide for the daughter's needs. He has cared for the child, played games with her and enrolled her in school, thereby indicating his concern for her well-being and future. It is therefore evident that petitioner is fit to serve as the custodial parent. We note that by ordering joint custody upon respondent's return to New York, Family Court implicitly found both parties fit parents. Accordingly, Family Court properly awarded custody to petitioner until such time as respondent returns to New York.

Order affirmed, without costs. Mahoney, P. J., Kane, Weiss, Mikoll and Harvey, JJ., concur.