■ In the Matter of GAIL WELLS, Respondent, v DENNIS WELLS, Appellant.—Casey, J. Appeal from an order of the Family Court of Chenango County (Dowd, J.), entered May 28, 1987, which granted petitioner's application, in a proceeding pursuant to Domestic Relations Law § 240, for custody of the parties' children.

The parties, married in 1974, had four children. When petitioner left the marital home in 1985, she took the two younger children with her, leaving the two older children with respondent. This informal custody arrangement continued for about one year, until petitioner commenced a proceeding for custody of all four children and respondent filed a cross petition for custody of all four children. After a hearing, Family Court awarded custody to petitioner and this appeal ensued.

A review of Family Court's decision and the record establishes that Family Court considered the relevant factors in determining the children's best interests *(see, Eschbach v Eschbach,* 56 NY2d 167, 172-173; *Matter of Saunders v Saunders,* 60 AD2d 701), and that its decision is supported by a sound and substantial basis in the record. It is clear from the record that both parties are fit and loving parents, capable of

caring for their children. Based upon the parties' testimony, home investigation reports, Law Guardian's recommendation and express desires of the children, Family Court's task was a difficult one, but we see no basis for disturbing the court's decision.

We reject respondent's contention that Family Court's decision was affected by the court's bias against respondent's religion. In support of this claim, respondent points to certain remarks made by the court during the hearing. Based upon our review of the entire transcript, we are of the view that the remarks reflect the court's sense of humor rather than a religious bias. In these circumstances, while the remarks were inappropriate, they do not serve as a basis for reversal.

Order affirmed, with costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.