■ In the Matter of KAREN M. OSTRANDER, Appellant, v JAMES A. OSTRANDER, Respondent.—Harvey, J. Appeal from an amended order of the Family Court of Cortland County (Mullen, J.), entered May 12, 1988, which granted respondent's cross application, in a proceeding pursuant to Domestic Relations Law § 240, for custody of the parties' children.

Petitioner and respondent were married in August 1983. In June 1984, respondent adopted petitioner's son from a prior relationship, Ryan, who was born in December 1979. The parties had a son, Shaun, who was born in June 1985. The parties' marriage was apparently a troubled one, characterized by frequent, and sometimes violent, arguments. A major source of disagreement concerned the parties' differing attitudes about how best to discipline Ryan. Petitioner accused respondent of being unduly harsh and strict with the boy while respondent asserted that petitioner was much too lenient and inconsistent with her discipline. Following an especially heated argument on January 11, 1987, petitioner left the marital home. The two children remained with respondent and he has cared for them since the separation.

From January 1987 through August 1987, petitioner visited with the children at least once a week. Thereafter, petitioner's attempts to increase visitation with the children met with resistance from respondent and petitioner filed a petition for custody. Respondent filed a cross petition a few days later. Family Court made two interim orders awarding joint custody of the children to the parties with continued placement with respondent. Temporary visitation schedules for petitioner were also created. Following a hearing, Family Court awarded sole legal custody of the parties' two children to respondent. Visitation to petitioner was ordered to continue pursuant to the terms of the most recent temporary order. This appeal by petitioner ensued.

We affirm. It is beyond dispute that the primary concern in child custody proceedings is the best interests of the children, which must be determined by the facts of each case *(see, Eschbach v Eschbach,* 56 NY2d 167; *Friederwitzer v Friederwitzer,* 55 NY2d 89; *Matter of Ellor v Ellor,* 145 AD2d 773). This determination must be based upon a multifaceted inquiry which includes factors such as maintaining stability in the living situation, the relative fitness of the parents, the children's wishes, the quality of the home environment, the parental guidance provided by the custodial parent to the children and the ability of each parent to provide for the intellectual and emotional needs and development of the children *(see, Eschbach v Eschbach, supra,* at 171-173; *Friederwitzer v Friederwitzer, supra,* at 94; *Matter of Schwartz v Schwartz,* 144 AD2d 857). Generally, it is said that the evaluation of these sensitive factors is best made by the trial court, in view of its direct observation of and access to the parties, supplemented by professionally prepared reports *(Eschbach v Eschbach, supra,* at 173; *Matter of Ellor v Ellor, supra).*

Here, a review of Family Court's decision and the record establishes that the court adequately considered the relevant factors in making its determination based upon the parties' testimony, the family evaluation by a social worker, the Law Guardian's recommendation, and the express desire of at least one of the children *(see, Matter of Wells v Wells,* 145 AD2d 832). Significantly, the only substantial home the children have known is respondent's, and he has taken adequate care of them alone since petitioner's departure in January 1987. We recognize that the fact the record revealed both parties to be basically fit and loving parents made Family Court's task a difficult one, but we see no basis for disturbing that court's decision *(see, supra).*

Petitioner asserts that the custody determination should be reversed because Family Court's order of visitation failed to specifically provide her with visitation time with the children on holidays and during school vacations. While petitioner's point may well be a valid one, reversal of the custody order is not necessary. Domestic Relations Law § 240 (1) provides that visitation privileges may be modified in a court's discretion "after such notice to the other * * * as the court shall direct" *(see, Nutkiewicz v Nutkiewicz,* 123 AD2d 378, 379). Here, since it does not appear from the record that either party has moved for a change of visitation, submitted affidavits or participated in any evidentiary hearings *(see, Grzegorczak v*

*Grzegorczak,* 127 AD2d 980), a modification of the order by this court would be inappropriate at this point.

Amended order affirmed, without costs. Mahoney, P. J., Weiss, Levine, Mercure and Harvey, JJ., concur.