■ In the Matter of DAVID R. TOWNE, Respondent, v THERESA J. TOWNE, Appellant.—Mahoney, P. J. Appeal from an order of the Family Court of Saratoga County (Ferradino, J.), entered September 16, 1988, which partially granted petitioner's application, in a proceeding pursuant to Domestic Relations Law § 240, to, *inter alia,* restrain respondent from removing the parties' child from Saratoga County without Family Court approval.

The parties were married in 1979 and had one child, a son born November 20, 1983. They were divorced in 1988 pursuant to a judgment into which a prior separation agreement was incorporated but not merged. The separation agreement established custody and visitation in accordance with an earlier Family Court order, which provided for joint custody with the child's physical residence with respondent, who lives with the child in Saratoga County where petitioner also resides. Respondent was further required to provide 30 days' written notice to petitioner if she intended to change the child's residence from Saratoga County or any adjoining county. It appears from the record that despite some relatively minor allegations by the parties against each other, the custody arrangement has worked rather satisfactorily and the child is developing quite well.

Respondent works as a senior secretary for a private concern and was offered a promotion to administrative assistant in the company's Tallahassee, Florida, office. By certified letter dated March 17, 1988, respondent advised petitioner of her intention to move, with the parties' son, to Florida. Petitioner then commenced this proceeding for physical custody or for an injunction preventing respondent from taking the child from New York. Respondent cross-petitioned for permission to move to Florida with the child. Following a hearing, Family Court concluded that respondent had not shown any exceptional circumstances warranting the relocation so that the best interest of the child required continuing the custody arrangement, which seemed to be working quite well. Accordingly, Family Court restrained respondent from moving the child's residence from Saratoga County without its approval. This appeal followed.

Custody questions are resolved by considering the best interest of the child *(Eschbach v Eschbach,* 56 NY2d 167, 171), which is dependent on the facts of a particular case *(Matter of Garcia v Doan,* 132 AD2d 756, 757, *lv dismissed* 70 NY2d 796). A distant geographic relocation by the custodial parent is disfavored, in the absence of exceptional circumstances, because it deprives the noncustodial parent access to the child *(see, Weiss v Weiss,* 52 NY2d 170, 175; *Matter of Pasco v Nolen,* 154 AD2d 774 [decided herewith]; *Matter of Ellor v Ellor,* 145 AD2d 773, 774). Because of the sensitive nature of custody cases, we generally accord great deference to a trial court's factual findings *(see, Matter of Ostrander v Ostrander,* 150 AD2d 944).

Applying these well-settled principles, we are constrained to uphold Family Court's determination that the parties' son cannot relocate to Florida with respondent. The record establishes that respondent has an excellent employment record which more than merits the offered substantial raise and promotion to an administrative and supervisory position upon her transfer to Florida. The record further reveals, however, that there are comparable jobs in the Capital District and respondent admits that she failed to investigate job opportunities locally *(see, Matter of Grover v Grover,* 144 AD2d 852, 853). Furthermore, and more importantly, the record shows that petitioner is an involved and loving parent with almost daily contact with his son, but that this relationship would effectively be terminated by the proposed move to Florida. Courts have recognized the adverse impact on a child's best interest resulting from this lack of access by a devoted and involved parent *(supra,* at 853). To be sure, exceptional circumstances permitting relocation generally have been found when the custodial parent seeks to accompany a new spouse to a new location and/or the noncustodial parent is less than an exemplary parent *(see, e.g., Shed v Sofia,* 134 AD2d 894, *affd* 70 NY2d 997; *see also, Matter of Pecorello v Snodgrass,* 142 AD2d 920, *appeal dismissed* 72 NY2d 1039). Such exceptional circumstances just are not present here.

We reject respondent's contention that the separation agreement permits relocation upon the required notice. The order forming the basis of the custody provisions in the agreement simply does not so provide and, in any event, provisions in a separation agreement, or absence therefrom, do not dispose of this issue *(see, Matter of Porter v Fryer,* 142 AD2d 770, 773). We also reject respondent's contention that Family Court's order somehow constitutes employment discrimination. There

is no prohibition against respondent from moving to Florida to accept her offered promotion; she only cannot take her son with her. In this regard, we recognize that the consequences of divorce inevitably entail difficult choices when children are involved. Respondent's expressed intention to remain locally with her son and forego the transfer and promotion if her cross petition is not granted constitutes her resolution of just such a predicament.

Finally, respondent argues that Family Court's order impermissibly restricts the child's residence to Saratoga County and improperly limits jurisdiction of any future proceedings on this matter to Family Court. While the order seems adequate when considered in the context of this particular proceeding, we deem it appropriate, to avoid future uncertainty, to modify the order to reflect more accurately the terms of the parties' agreement, which would permit relocation within Saratoga County or any adjoining county without the required 30-day written notice and approval for other relocation from Supreme Court as well as Family Court.

Order modified, on the law, without costs, by striking the second decretal paragraph and substituting the following: "ORDERED that respondent is restrained from removing said child's residence from Saratoga County or any adjoining county without appropriate court approval", and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Weiss and Harvey, JJ., concur.