■ In the Matter of VICKI N. KENNEDY, Appellant, v ROBERT KENNEDY, Respondent.—Mahoney, P. J. Appeal from an order

of the Family Court of Broome County (Ray, J.), entered November 11, 1988, which, *inter alia,* dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of the parties' daughter, and awarded custody to respondent.

On this appeal, petitioner challenges Family Court's custody award of the parties' infant daughter, born in January 1988, to respondent. It is well settled that custody issues must be resolved by considering the best interest of the child *(Eschbach v Eschbach,* 56 NY2d 167, 171), which revolves around the facts of each case *(see, e.g., Matter of Towne v Towne,* 154 AD2d 766). A trial court's factual findings in custody cases generally are accorded great deference *(see, e.g., Matter of Ellor v Ellor,* 145 AD2d 773, 774).

Our review of the record reveals support for Family Court's determination that the child's best interest will be served by custody with respondent. Although respondent was arrested for drug use several years ago, he received a conditional discharge, successfully participated in drug treatment and is currently drug free. He has participated in the infant's care from her birth and has made plans for her daily care while he is working and her education. He has a stable employment record and is an active minister in the Jehovah's Witnesses. Respondent's mother and sister live near him and indicate a willingness to assist in the infant's care. Petitioner, on the other hand, has a criminal record, as do her mother and brothers, whose convictions include drug crimes and burglary. In light of petitioner's testimony that these relatives would be in close contact with the infant during the formative years, Family Court's reluctance to award custody to her is reasonable.

Contrary to petitioner's testimony, respondent denied harming petitioner's three-year-old daughter during a spanking and Family Court found respondent's testimony more credible than that of petitioner. Thus, this episode does not provide a reason to deny custody to respondent, especially since there is testimony that petitioner also administered similar spankings to the same child. Also contrary to petitioner's claim, there is no evidence that the change in custody will disrupt the infant's well-being. Petitioner has no prima facie right to custody as the infant's mother or primary care giver (Domestic Relations Law § 240), especially since the record makes clear that the parties shared in the primary care of the infant since her birth. Finally, close familial ties with the infant's stepsiblings are provided for in the visitation schedule pro-

vided for by Family Court. For all these reasons, we find ample support in the record for Family Court's custody award.

Order affirmed, without costs. Mahoney, P. J., Weiss, Mikoll, Levine and Mercure, JJ., concur.