■ MARIE REYES, Appellant, v CHRISTOPHER A. BALL, Respondent.—Mahoney, P. J. Appeal from a judgment of the Supreme Court (Ellison, J.) granting, *inter alia,* the parties a mutual divorce, entered February 24, 1989 in Tompkins County, upon a decision of the court.

Plaintiff's appellate counsel, Robert J. Clune, represented plaintiff during the initial stages of this divorce action. Because defendant earlier had met with Clune for some preliminary discussions about the case, defendant moved to disqualify Clune from representing plaintiff. Supreme Court granted the motion and disqualified Clune "from acting as attorney for and counsel for the plaintiff". No appeal was taken from the order of disqualification* and plaintiff proceeded to retain new counsel who tried the divorce action to judgment.

Notwithstanding the order of disqualification, Clune's law firm filed a notice of appeal on behalf of plaintiff and proceeded to file a record and brief. Defendant's responding brief raised the propriety of Clune's appellate representation of plaintiff. We directed further submissions on this point and have held the appeal in abeyance pending resolution of this issue.

Upon our consideration, we conclude that Clune's continued representation of plaintiff cannot be permitted. In light of the prior meeting between defendant and Clune, defendant's suggestion that confidential information may have been discussed

---

* Clune's motion to vacate this order was subsequently denied by Supreme Court.

and Supreme Court's broadly worded order prohibiting Clune from acting as plaintiff's counsel, we are of the view that Clune's continued representation of plaintiff raises at least the appearance of impropriety, which must be avoided (see, Ocko Found. v Liebovitz, 155 AD2d 426). Accordingly, Clune is disqualified from continued representation of plaintiff and plaintiff is provided 45 days after service of a copy of the order to be entered upon this decision with notice of entry to retain new counsel and make any additional submissions deemed appropriate. Defendant is granted permission to apply to this court for reimbursement from Clune for any counsel fees or expenses incurred as a direct result of plaintiff retaining new counsel. Plaintiff is entitled to reimbursement from Clune for all fees paid for representation on this appeal.

Decision withheld, and (1) Robert J. Clune, Esq. ordered disqualified from representing plaintiff and required to reimburse plaintiff for all fees paid for representation on this appeal, (2) plaintiff provided 45 days after service of a copy of the order to be entered upon this court's decision with notice of entry to retain new counsel and make any additional submissions deemed appropriate, after which time this appeal will be placed on a calendar for oral argument and disposition, and (3) defendant granted permission to apply to this court for reimbursement from Clune for any counsel fees or expenses incurred as a direct result of plaintiff retaining new counsel. Mahoney, P. J., Weiss, Mikoll, Mercure and Harvey, JJ., concur.