■ MARIE REYES, Appellant, v CHRISTOPHER A. BALL, Respondent.—Mahoney, P. J. Appeal from a judgment of the Supreme Court (Ellison, J.) granting, *inter alia,* the parties a mutual divorce, entered February 24, 1989 in Tompkins County, upon a decision of the court.

The parties were married in 1974 and have two daughters born in 1978 and 1982. They separated in 1985 with the children residing with plaintiff. Defendant then petitioned Family Court for custody, which was awarded to plaintiff albeit with visitation on three weekends per month and alternate major holidays for defendant. In 1987 plaintiff petitioned Family Court to modify its previous order so as to allow her to relocate with the children to Laramie, Wyoming, where her fiancé was to be a tenured faculty member at the University of Wyoming. Plaintiff proposed that defendant's visitation also be modified so that the children would spend a majority of their summer vacation and school holidays with him at plaintiff's expense.

While this petition was pending plaintiff commenced this action for, *inter alia,* divorce and custody in Supreme Court, which asserted jurisdiction over all matters relating to the action. Following a trial, Supreme Court, *inter alia,* granted mutual divorces, awarded joint custody of the children with physical custody with plaintiff, adopted the visitation schedule previously established by Family Court and denied plaintiff's request for permission to relocate with the children to Wyoming. Plaintiff unsuccessfully sought to set aside the decision and this appeal followed. When the matter was previously before this court, we withheld decision to permit plaintiff to secure substitute counsel pursuant to our order (157 AD2d 1027). The substitution has been made and the case is now before us for resolution.

Plaintiff contends that Supreme Court erred in denying her request for permission to relocate with the children to Wyo-

ming. Defendant counters that there are no exceptional circumstances which would justify the proposed move. In rejecting applications to relocate in two cases *(Matter of Pasco v Nolen,* 154 AD2d 774; *Matter of Towne v Towne,* 154 AD2d 766, 767), we recently summarized the prevailing rules on this subject:

"Custody questions are resolved by considering the best interest of the child *(Eschbach v Eschbach,* 56 NY2d 167, 171), which is dependent on the facts of a particular case *(Matter of Garcia v Doan,* 132 AD2d 756, 757, *lv dismissed* 70 NY2d 796). A distant geographic relocation by the custodial parent is disfavored, in the absence of exceptional circumstances, because it deprives the noncustodial parent access to the child *(see, Weiss v Weiss,* 52 NY2d 170, 175; *Matter of Pasco v Nolen [supra]; Matter of Ellor v Ellor,* 145 AD2d 773, 774). Because of the sensitive nature of custody cases, we generally accord great deference to a trial court's factual findings *(see, Matter of Ostrander v Ostrander,* 150 AD2d 944).

"To be sure, exceptional circumstances permitting relocation generally have been found when the custodial parent seeks to accompany a new spouse to a new location and/or the noncustodial parent is less than an exemplary parent *(see, e.g., Shed v Sofia,* 134 AD2d 894, *affd* 70 NY2d 997; *see also, Matter of Pecorello v Snodgrass,* 142 AD2d 920, *appeal dismissed* 72 NY2d 1039)". *(Accord, Matter of Pasco v Nolen, supra.)*

Applying these principles to this case, we are of the view that the relocation should be permitted. Although there is no serious dispute that defendant is a fit and loving father, the record reveals that he has been delinquent with child support payments and violated court requirements involving payments for the children's educational and medical needs. Notably a Hearing Officer in an earlier aspect of this dispute observed that defendant unreasonably failed to pursue employment opportunities during a period of unemployment to the detriment of his children. Such circumstances distinguish defendant from the noncustodial parents in *Matter of Towne v Towne (supra)* and *Matter of Pasco v Nolen (supra).* Moreover, the relocation as proposed will result in defendant's visitation being for longer durations with fewer transfers than currently practiced and at plaintiff's expense. From this perspective it appears that the relocation will not unreasonably disrupt defendant's relationship with his daughters.

Moreover, plaintiff's proposed relocation will promote her well-being and self-fulfillment, important factors when consid-

ering the children's best interests. First, she and the children will reside with plaintiff's husband which will provide important familial stability and cohesiveness to the children. Also, the record reveals that plaintiff will be able to complete her current educational endeavors more rapidly and at significantly reduced expense in Wyoming. Additionally, the record shows that the job market in plaintiff's chosen field is limited in the northeast with significantly greater opportunity in the west. These facts stand in marked contrast to those in *Towne* and *Pasco*. Considering all these circumstances, it strikes us that plaintiff's proposed move will benefit the children and, concomitantly, satisfy defendant's legitimate expectation of a continued relationship with his daughters which is essentially consistent with that currently enjoyed *(see, Shed v Sofia, supra)*. We deem it appropriate to remit to Supreme Court for memorialization of the precise terms of defendant's visitation schedule.

In light of this resolution and the fact that defendant never sought custody of the children in this action, we are of the view that Supreme Court erred in awarding joint custody. Accordingly, plaintiff should be awarded custody of the children, subject to the visitation as proposed by plaintiff. Finally, there was no error in Supreme Court taking jurisdiction of all aspects of this case.

Judgment modified, on the law and the facts, without costs, by reversing so much thereof as denied plaintiff's application to modify Family Court's visitation order entered April 16, 1987, and awarded joint custody of the parties' children with physical custody to plaintiff and visitation with defendant pursuant to said Family Court order; plaintiff's application to modify said Family Court order granted, custody awarded to plaintiff and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed. Mahoney, P. J., Levine and Harvey, JJ., concur.

Weiss and Mikoll, JJ., dissent and vote to affirm in a memorandum by Weiss, J. Weiss, J. (dissenting). We have difficulty differentiating the rationale of the majority in this case from that in our recent decisions in *Matter of Pasco v Nolen* (154 AD2d 774) and *Matter of Towne v Towne* (154 AD2d 766). In each instance we rejected attempts by former wives to remove children of a dissolved marriage from New York to far distant States. In those cases, as here, the former wife urged that improved financial circumstances would jus-

tify the move. We agreed that only an exceptional change in circumstances would justify permitting a child to be removed far from the noncustodial father, thereby effectively depriving the children of meaningful access to their father *(see also, Weiss v Weiss,* 52 NY2d 170, 175; *Matter of Grover v Grover,* 144 AD2d 852; *Matter of Pecorello v Snodgrass,* 142 AD2d 920, *appeal dismissed* 72 NY2d 1039; *Matter of Garcia v Doan,* 132 AD2d 756, 757, *lv dismissed* 70 NY2d 796). Plaintiff sought to prove that her fiancé will improve his career in Wyoming and that she will be able to accelerate her own college education at less cost. However, there is no proof that her fiancé could not achieve career advancement within this region or that her own education could not be continued in Tompkins County without problem. Such lack of proof has in the past resulted in denial of distant geographical relocations *(see, Weiss v Weiss, supra; Matter of Pasco v Nolen, supra; Matter of Towne v Towne, supra; Matter of Ellor v Ellor,* 145 AD2d 773, 774).

It is now beyond cavil that custody questions must always be resolved by considering the best interest of the child *(Eschbach v Eschbach,* 56 NY2d 167, 171; *Friederwitzer v Friederwitzer,* 55 NY2d 89, 94; *Matter of Ostrander v Ostrander,* 150 AD2d 944; *Matter of Ellor v Ellor, supra)* and that the determination is based upon a multifaceted inquiry including factors, such as maintaining stability in the living situation, relative fitness of the parents, quality of the home environment, and parental guidance to provide for the intellectual and emotional needs and development of the children *(Matter of Ostrander v Ostrander, supra,* at 945). It is similarly well established that this evaluation is best made by the trial court which has direct access to the parties and the evidence and is in the best position to make that judgment *(Eschbach v Eschbach, supra,* at 173; *Matter of Ostrander v Ostrander, supra,* at 945).

The majority has characterized defendant as less than exemplary because enforcement procedures were required to effect child support payments and used that fact to distinguish this case from *Matter of Towne v Towne (supra)* and *Matter of Pasco v Nolen (supra).* Our view of the record is somewhat different in that his payment delinquency was the result of employment difficulties and that $160 out of the $180 he received weekly as Unemployment Insurance benefits were paid directly to plaintiff. Defendant now has a job paying $31,200 annually in Tompkins County and provides medical insurance for the children. He has been regularly involved with their school programs, classwork, and extracurricular

activities, takes them to church every Sunday, and has helped them prepare for significant religious events in their lives. It is conceded that both parties are apparently good parents. Defendant has demonstrated his love and concern for the welfare of the children through regular visitation and full participation in their education and religion *(see, Daghir v Daghir,* 82 AD2d 191, 193-194, *affd* 56 NY2d 938). He should be neither denigrated nor prejudiced because of temporary unemployment, a situation now fully rectified.

We have consistently held that great respect must be given the trial court's findings *(see, Matter of Ostrander v Ostrander, supra; Matter of Ellor v Ellor, supra,* at 774; *Zaleski v Zaleski,* 128 AD2d 865, 866, *lv denied* 70 NY2d 603). Here, a learned Judge made his decision in defendant's favor after a full evidentiary trial and we should not substitute our judgment for that of the trial court which held that the job opportunity of plaintiff's fiancé did not rise to the level of the exceptional circumstances required to justify removal of the children. Since "we properly bestow our greatest respect and deference on the finding of the trial court" *(Matter of Pasco v Nolen, supra,* at 776; *see, Matter of Doyle v McLoughlin,* 146 AD2d 940, 942; *Matter of Ferguson v Ressico,* 125 AD2d 915, 916), the same result should pertain here.