■ In the Matter of SUSANNAH FLYNN-STALLMER, Appellant, v TIMOTHY J. STALLMER, Respondent. (And Three Other Related Proceedings.)—Mikoll, J. Appeals (1) from an order of the Family Court of Rensselaer County (Spain, J.), entered September 11, 1989, which, *inter alia,* denied petitioner Susannah Flynn-Stallmer's application, in a proceeding pursuant to Family Court Act article 6, and awarded custody of the parties' children to respondent Timothy J. Stallmer, (2) from an order of said court, entered October 3, 1989, which denied said petitioner's motion to set aside the court's previous decision, and (3) from an order of the Supreme Court (Travers, J.), entered March 19, 1990 in Rensselaer County, which denied said petitioner's motion to vacate the Family Court order awarding, *inter alia,* said respondent custody of the parties' children.

The issues raised on this appeal are (1) whether Family Court erred in concluding that custody of the children should be awarded to respondent Timothy J. Stallmer (hereinafter respondent), (2) whether Family Court properly denied reconsideration and refused to permit additional testimony pursuant to CPLR 4404 (b), (3) whether Family Court improperly relied on matters outside the record in making its custody determination, and (4) whether Supreme Court properly denied an application by petitioner Susannah Flynn-Stallmer (hereinafter petitioner) to vacate the Family Court order on the ground that the Family Court Judge should have recused himself pursuant to Judiciary Law § 14.

---

The parties to these proceedings were married in December 1981. There are two children of the marriage, Claire, born June 8, 1982, and Carol, born September 10, 1983. Petitioner and respondent separated in July 1988. In August 1988, petitioner commenced a proceeding in Family Court for custody of the children. Thereafter, respondent commenced two proceedings, one for custody of the children and a second for child support. After an extensive hearing, Family Court awarded custody of the children to respondent. Thereafter, prior to the appeal from Family Court's award of custody, petitioner moved pursuant to CPLR 4404 (b) to set aside the court's decision or to allow petitioner to present additional testimony. Petitioner then filed her notice of appeal from Family Court's order awarding custody, whereupon Family Court denied the motion in toto. In October 1989, petitioner sued respondent for divorce in Supreme Court. At the same time, she sought, by order to show cause, to vacate and declare void Family Court's order awarding custody, claiming that the Family Court Judge should have disqualified himself pursuant to Judiciary Law § 14. Supreme Court denied said application. Petitioner now appeals the three orders.

In awarding custody of the children to respondent, Family Court was obliged, after weighing the totality of relevant circumstances and facts, to determine what was in the best interests of the children (see, Eschbach v Eschbach, 56 NY2d 167, 171). Family Court's factual findings are generally to be accorded great deference by an appellate court (see, Matter of Kennedy v Kennedy, 156 AD2d 834, 835) because the trial court is in the best position to evaluate the testimony, character and credibility of the litigants (see, Matter of Schwartz v Schwartz, 144 AD2d 857, 859, lv denied 74 NY2d 604).

Family Court's decision as to custody is supported by the record. A review of the record indicates that the breakup of the marriage resulted in a concurrent breakdown in civil relations between the parties. Family Court sagely deciphered the exaggerations of the parties against one another and found that both parties were loving parents. In the final analysis, however, the court concluded that respondent was the more credible of the two. Petitioner's testimony contained inconsistencies in the record and at least one absolute misstatement vis-à-vis her relationship with her paramour. Unlike Matter of Saunders v Saunders (60 AD2d 701), Family Court's decision here did not rest solely on the moral question raised by petitioner's extramarital relationship, which it con-

cluded impacted adversely on the children, but was thoughtfully based on the totality of circumstances.

Family Court also considered other factors in determining custody, including the extent of respondent's care of the children in their early years while petitioner worked; his caring attitude toward the children; his stability; his success at work, where he has an excellent work record and enjoys the confidence of his employer and that of fellow workers for whom he serves as a union steward; and the support that respondent's extended family gives to him and the children, which contributes further stability and emotional comfort to the children's lives. Petitioner, on the other hand, though a good worker, has made many career changes and is still not settled in terms of work goals. The introduction of a paramour into the household at the height of the marital crisis reflects poorly on her. She has placed her own desires over the needs of her children. Both parents are loved by their children but respondent appears to be the warmer and more approachable parent. The children spontaneously gravitate to respondent, although they did not verbalize a preference for either parent. For these reasons and those stated by Family Court, we conclude that the custody award was proper.

Petitioner further urges that Family Court improperly relied on matters outside the record in making its custody determination. This contention has no merit. All of the instances cited by petitioner were documented in the record and were properly considered by the court.

Petitioner also contends that Family Court erred in denying her motion pursuant to CPLR 4404 (b) to set aside its decision or, in the alternative, to allow her to present additional witnesses on her behalf. Petitioner argues that the court placed undue emphasis on her relationship with her paramour, failed to properly consider the reports and recommendations of experts, and relied too heavily on testimony of respondent's extended family. However, these factors do not require the court to set aside its decision or to require it to allow petitioner to present new evidence. Finding no abuse of discretion by Family Court, this court should not disturb its order. In any event, since this court has already reviewed Family Court's custody award and found it to be supported by the record, a review of the denial of the CPLR 4404 (b) motion has now become academic.

Finally, we find that Supreme Court's denial of petitioner's application to set aside the custody order was proper. Petitioner contends that the Family Court Judge was statutorily

disqualified pursuant to Judiciary Law § 14 because his first cousin had been married to respondent's sister. We disagree. There was no familial relationship between the Judge and respondent *(see, Matter of Jessey v Evans,* 70 AD2d 673). Judiciary Law § 14 requires a disqualification if a Judge has an interest in the action or is related to a party. No relationship having existed, the Judge is the sole arbiter of recusal *(see, People v Moreno,* 70 NY2d 403, 405). The Judge disclosed his ties to respondent's family and stated that these would not affect his ability to remain impartial. Counsel for petitioner registered no disapproval of the Judge's decision to continue in the matter. In any event, the ties were tenuous at best and the record reflects no bias on the Judge's part.

Orders affirmed, without costs. Mahoney, P. J., Weiss, Mikoll, Levine and Harvey, JJ., concur.