■ In the Matter of FRANK DININO, Respondent, v DANA DEIMA, Appellant. (And Two Other Related Proceedings.)— Weiss, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Family Court of Orange County (Bivona, J.), entered October

5, 1989, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of Brook Dinino.

In 1988 the Orange County Department of Social Services filed a petition alleging that Brook Dinino and Robert Deima Jr. were neglected children. On July 26, 1988, based upon the admission of respondent Dana Deima (hereinafter respondent) and her present husband, Robert Deima Sr., that alcohol-related turmoil had existed in their home, Family Court adjudged the children to be neglected and ordered that legal custody be placed in the Department with physical custody of Brook awarded to petitioner, her biological father. Custody of Robert was awarded to his paternal grandparents.

In response to various petitions for custody* and after lengthy hearings, Family Court awarded custody of Brook to petitioner and granted visitation rights to respondent. The court also granted the application of the Department to terminate preventive services. By stipulation made during the hearings, custody of Robert was awarded to respondent. This appeal by respondent followed.

It is well settled that the primary concern in child custody proceedings is the best interest of the child, which must be determined by the facts of each case (see, Reyes v Ball, 162 AD2d 770; Matter of Towne v Towne, 154 AD2d 766, 767; Matter of Ostrander v Ostrander, 150 AD2d 944, 945). This determination is usually based upon a multifaceted inquiry which includes factors such as maintaining stability in the situation in which the child lives, the relative fitness of the parents, the quality of the home environment, and the parental guidance to provide for the intellectual and emotional needs and development of the child (see, Eschbach v Eschbach, 56 NY2d 167; Friederwitzer v Friederwitzer, 55 NY2d 89; Matter of Schwartz v Schwartz, 144 AD2d 857, lv denied 74 NY2d 604). It is equally well settled that the evaluation of these sensitive factors is best made by the trial court which has had direct observation of, and access to, the parties and the benefit of reports prepared by, as well as the testimony elicited from, the professionals in the field (see, Matter of Ostrander v Ostrander, supra, at 945; see also, Eschbach v

---

* The Department had commenced a proceeding in March 1989 seeking termination of the placement of Brook and an award of legal custody to petitioner. Respondent and her husband had also petitioned in April 1989 for the return of custody of both children based upon a change of circumstances.

*Eschbach, supra,* at 173; *Matter of Ellor v Ellor,* 145 AD2d 773).

Here, review of the record discloses that the evidence fully supports the determination by Family Court that respondent and her husband had been heavily involved with alcoholism, as evidenced by respondent's three convictions for driving while intoxicated, as well as violent arguments which occurred in the presence of the children and even the use of marihuana on one occasion. Although there was testimony concerning the progress made by respondent and her husband through treatment for alcoholism and rehabilitation, testimony from witnesses involved with Brook showed that she had made significant improvement in her demeanor and attitude, and was thriving both in and out of school since she had been in the custody of petitioner. Moreover, the Law Guardian fully supported the award of custody to petitioner. In sum, the decision by Family Court was fully supported by the evidence in the record and should be affirmed.

Order affirmed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.