■ In the Matter of HARVEY R. SINGER, Respondent, v DONNA R. SINGER, Appellant.—Weiss, J. Appeal from an order of the Family Court of Broome County (Esworthy, J.), entered February 28, 1989, which, *inter alia,* granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of Jordan Singer.

Petitioner and respondent were married on January 1, 1982, separated in February 1986 and are now divorced. The parties have two children. The older child, Jonathan, born October 26, 1974, is the child of respondent's previous marriage and was subsequently adopted by petitioner. The younger child, Jordan, was born to these parties on January 10, 1985. Commencing on February 7, 1986, a tortuous and particularly acrimonious series of Family Court proceedings was initiated by respondent, initially seeking orders of protection and support and culminating in the order entered February 28, 1989 which has given rise to this appeal. The subject order disposed of three pending orders to show cause on custody matters and a petition by respondent seeking court approval to relocate from Broome County to Pennsylvania with the children. An order dated February 6, 1989 after extended hearings had made an award of joint custody of the children with primary physical custody to respondent and had prohibited removal of the children from Broome County without specified consent. After respondent applied for modification of the custody order and for permission to move to Pennsylvania, petitioner commenced the instant proceeding to vacate the February 6, 1989 order on the ground of new material evidence. Following yet another hearing Family Court vacated the prior order and again awarded joint legal custody, but granted physical custody of Jordan to petitioner.

Family Court focused throughout its decision upon respondent's move with both children from Broome County to Pennsylvania without notice to the court, the Law Guardian or petitioner, which the court characterized as "substantial material evidence" constituting "a material change in circum-

stance". It is obvious that Family Court placed particular emphasis upon the fact that respondent "knew or had reason to know that the issue of her relocation was an important factor that the Court would consider in determining an appropriate placement of the children" and that her move without notification "illustrates [the] mother's cavalier attitude". This event triggered reconsideration by Family Court and a careful balancing of both the rights and problems of the children and their parents (see, Schwartz v Schwartz, 91 AD2d 628).

The decision demonstrates that Family Court was seriously concerned with both preserving a good relationship between Jordan and petitioner and attempting to prevent a deterioration of that relationship, as had occurred between Jonathan and petitioner.

It is well established that in custody issues the best interests of the children are to be given foremost consideration (Eschbach v Eschbach, 56 NY2d 167, 171; Reyes v Ball, 162 AD2d 770, 773 [Weiss, J., dissenting], appeal dismissed 77 NY2d 872) based upon the facts in each particular case (Matter of Garcia v Doan, 132 AD2d 756, 757, lv denied 70 NY2d 796). The determination requires a multifaceted inquiry (see, Matter of Ostrander v Ostrander, 150 AD2d 944, 945) that is best made by the trial court, which has direct access to the parties and the evidence and is in the best position to make that judgment (Eschbach v Eschbach, supra, at 173; Matter of Ostrander v Ostrander, supra, at 945).

Review of the record shows that Family Court considered the lengthy history of litigation between the parties, respondent's previous conduct and demeanor in purposely creating an atmosphere of tension and hostility between Jonathan and petitioner, respondent's failure to show good faith by not discussing relocation with petitioner, and the apparent happiness of Jordan in petitioner's custody and of Jonathan in respondent's custody. The sworn testimony of many professional and lay witnesses supports the concerns expressed and the conclusions reached by Family Court. The award of custody of Jordan to petitioner was a reasoned determination based upon the best interest of the child (see, Lenczycki v Lenczycki, 152 AD2d 621), notwithstanding the separation of siblings (see, Matter of Bilodeau v Bilodeau, 161 AD2d 906).

We have considered the remaining contentions, including the application to terminate joint custody of Jordan, and find them unavailing.

Mahoney, P. J., Casey, Levine and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.