■ BRIAN McINTOSH, Appellant, v BONNIE McINTOSH, Respondent. [597 NYS2d 501] —Casey, J. Appeal from an order of the Supreme Court (White, J.), entered December 4, 1991 in Fulton County, which, inter alia, awarded physical custody of the parties' children to defendant.

At issue on this appeal is whether Supreme Court erred in concluding that the best interest of the parties' two children would be served by an award of physical custody to defendant. The parties separated in July 1989 when defendant moved out of the marital residence and began to reside with her boyfriend. Two months later, defendant moved to her parents' residence. In the meantime, plaintiff commenced this divorce action seeking, inter alia, custody of the children. Defendant moved for pendente lite relief, including custody of the children, and plaintiff cross-moved for temporary custody. The custody issue was referred to Family Court and, pursuant to the parties' stipulation, the court awarded the parties joint custody of the children, with temporary physical custody to plaintiff. Family Court's order included a temporary visitation

schedule whereby defendant had the children on alternate weekends and one weekday each week.

After visits with the parties and their children, reports were prepared by the Probation Department and the Mental Health Clinic. Both reports recommended that defendant be awarded custody. The custody matter was transferred back to Supreme Court and a fact-finding hearing was held in June and July 1991. At the hearing, the aforementioned reports were admitted into evidence, as was the testimony of the persons who prepared the reports. Also testifying at the hearing were the parties, their mothers, the children's babysitter and the oldest child's teacher. After the hearing the children's Law Guardian prepared a report, which recommended that custody be awarded to defendant. Supreme Court granted the parties joint custody of their children and awarded physical custody to defendant. Plaintiff was granted liberal visitation rights. The order also directed that plaintiff pay $86 per week in child support, plus 55% of the reasonable child care expenses and health care expenses.

Plaintiff contends that the reports relied upon by Supreme Court were seriously flawed. For example, at the time of the hearing, defendant had moved out of her parents' residence and was living with a new boyfriend whom she had recently met. The Probation Officer who prepared one of the reports testified that such a change would have an effect on her recommendation. Plaintiff also points out that the Law Guardian did not attend the hearing and based his recommendation solely upon the expressed desire of the oldest child to reside with defendant. Supreme Court, however, did not give undue weight to the recommendations contained in the reports. Rather, it is apparent that Supreme Court considered the recommendations and the contents of the reports along with all of the other relevant evidence presented by the parties.

Plaintiff also contends that Supreme Court failed to consider the evidence of instability in defendant's living arrangements and that stability in the children's lives would be promoted by continuing the custody arrangement which had begun when defendant left the marital residence. It is evident, however, that Supreme Court took those factors into account, but found countervailing evidence in the record. Thus, the court noted that defendant had maintained her current employment since 1981 and that the children's lives would not be significantly disrupted by a change in custody because defendant planned to continue with the existing school and babysitter arrangement.

Supreme Court found that both parents are fit and capable of caring for the needs of the children, and that the children, who were then age 9 and 3, should remain together. Neither of these findings is seriously disputed. In the end, after consideration of all of the relevant facts, the factor that tipped the balance in defendant's favor was Supreme Court's finding that the oldest child had a closer relationship with defendant than plaintiff. There is sufficient evidence in the record to support the finding, and we see no error in Supreme Court's best interest analysis, which considered all of the relevant factors (see, Friederwitzer v Friederwitzer, 55 NY2d 89, 94; Matter of Dinino v Deima, 173 AD2d 1017, 1018). Contrary to plaintiff's claim, there is nothing in the record to suggest that Supreme Court gave any consideration to the fact that the oldest child was the biological child of defendant and adopted by plaintiff after the parties were married. We also find no merit in plaintiff's argument concerning the financial aspects of Supreme Court's order.

Weiss, P. J., Mikoll, Yesawich Jr. and Levine, JJ., concur. Ordered that the order is affirmed, without costs.