■ In the Matter of DONNA BRYAN, Respondent, v HARVEY R. SINGER, Appellant. (Proceeding No. 1.) In the Matter of HARVEY R. SINGER, Appellant, v DONNA BRYAN, Respondent. (Proceeding No. 2.) (And Three Other Related Proceedings.) [650 NYS2d 883] —Yesawich Jr., J. Appeals (1) from an order of the Family Court of Broome County (Barrett, J.), entered April 12, 1995, which, *inter alia*, granted petitioner Donna Bryan's application, in a proceeding (No. 1) pursuant to Family Court Act article 6, for custody of the parties' child, (2) from an order of said court, entered January 5, 1996, which, *inter alia*, in a proceeding (No. 2) pursuant to Family Court Act article 6, denied petitioner Harvey R. Singer's motion for recusal, (3) from an order of said court, entered January 11, 1996, which, in a proceeding (No. 3) pursuant to Family Court Act article 6, dismissed all matters currently pending before the court with prejudice, (4) from an order of said court, entered February 1, 1996, which, in a proceeding (No. 4) pursuant to Domestic Relations Law § 75-h, stayed the modification petition and directed that petitioner Donna Bryan commence a modification proceeding in New Jersey, and (5) from an order of said court, entered March 26, 1996, which, *inter alia*, dismissed petitioner Harvey R. Singer's application, in a proceeding (No. 5) pursuant to Family Court Act article 6, for violation of a court order.

The parties, who separated in 1986 and were subsequently divorced, have two sons, Jonathan (petitioner Donna Bryan's son from a prior marriage, adopted by respondent Harvey Singer, and now emancipated) and Jordan, born in 1985, who is the subject of the custody and visitation proceedings at issue here. Physical custody of Jordan was originally awarded to petitioner (the parties have joint legal custody), but when she moved with the child to Pennsylvania, respondent successfully petitioned to have his son placed with him (*see, Matter of Singer v Singer*, 175 AD2d 328, *lv denied* 79 NY2d 753). On December 5, 1994, petitioner—who had sought to change the custody arrangements on several previous occasions, to no avail—again applied for a modification, seeking to have Jordan returned to her, with respondent to have visitation. Two days later respondent filed his own petition, in which he sought sole custody and the termination of all visitation between Jordan and petitioner.

Before testimony was heard on these petitions, respondent moved, *inter alia*, to exclude Suzanne McMahon, an attorney purportedly representing Jordan and his older brother, from participating in the proceedings, and for reappointment of the child's former Law Guardian. This request was denied. In January 1995, petitioner sought and received temporary physical custody of Jordan, pending determination of the petitions.

A hearing was held, after which Family Court found that petitioner had proven her allegations of physical abuse against Jordan by respondent, and that, together with other factors, constituted a change in circumstances warranting modification of the earlier custody disposition. Petitioner's application for primary physical custody was granted and respondent's petition was denied. Respondent appeals.

Beginning the next day, and throughout the ensuing months, respondent filed numerous petitions charging petitioner with violating the visitation provisions of Family Court's order, and two modification petitions, dated September 19, 1995 and December 27, 1995. In addition, he again sought removal of McMahon and reappointment of Jordan's former Law Guardian, and on December 22, 1995 he moved for recusal of the assigned Family Court Judge. Five days later, respondent requested an adjournment of the hearing on his petitions, which was scheduled for January 12, 1996. On January 5, 1996, his request for an adjournment and his recusal motion were denied, following which, on January 11, 1996, he withdrew all petitions then pending, prompting the court to dismiss those petitions with prejudice. Respondent appeals from both of those orders.

On January 16, 1996, petitioner again applied for modification of the custody order, this time seeking sole custody of Jordan. On February 1, 1996, Family Court found that due to the change of the child's residence to New Jersey, and the location of expected witnesses familiar with the child's present and future care and needs, New York was an inconvenient forum for the dispute. Further action on the petition was stayed and petitioner was directed to commence a modification proceeding in New Jersey. Respondent challenges this order also.

Lastly, respondent appeals from an order entered March 26, 1996, in which Family Court declined to consider his latest request for its recusal and dismissed a violation petition, filed on March 5, 1996, on forum non conveniens grounds.

Examination of the proof before Family Court, including the testimony presented at the hearing, and the history of this case (insofar as it is contained in the record), leads us to

conclude that Family Court cannot be faulted for finding a change in custody to be in Jordan's best interest (*see, Matter of Sullivan v Sullivan*, 216 AD2d 627, 627-628). To the extent that respondent contends that Jordan's testimony with respect to the alleged incidents of violence, visited upon him by his father, should not have been credited, in view of evidence tending to indicate that the boy may have been manipulated or coached by petitioner and McMahon, this merely presented a credibility question which was decided against respondent (*see, Matter of Davis v McIntosh*, 202 AD2d 354).

Although respondent is critical of Family Court's refusal to permit him to testify about events that occurred prior to September 1994, which were resolved by several earlier decisions of the court, the fact is that those decisions were in the record. Accordingly, the court did not err in precluding respondent from essentially relitigating the issues decided therein (*cf., Matter of Robb v McIntosh*, 99 AD2d 571, 572), or in concluding—after considering both the live testimony and all of the previous litigation between the parties—that Jordan's accounts were credible.

Nor did Family Court place undue reliance upon Jordan's expressed wish to live with petitioner, as respondent suggests; rather, that desire was merely recognized as one factor—albeit a cogent one, in the court's view—militating in favor of the change sought by petitioner. Given the record as a whole, the court did not abuse its discretion in taking Jordan's wishes into account (*see, Eschbach v Eschbach*, 56 NY2d 167, 173).

Respondent's contention that Family Court erroneously declined to sign an order to show cause, sought just a few days before the hearing, is also meritless (*see, Mallory v Mallory*, 113 Misc 2d 912, 914); significantly, respondent does not proffer any explanation for his failure to seek the desired relief in a more timely manner.

As for the argument that Family Court should have prevented McMahon from participating in the proceedings, due to her purported allegiance to petitioner, we find no impropriety in Family Court's rejection of this argument. Inasmuch as the Family Court Act, in providing that children who are the subject of custody proceedings "should be represented by counsel of their own choosing *or* by law guardians" (Family Ct Act § 241 [emphasis supplied]), and in authorizing the appointment of a Law Guardian in a proceeding of this type "if independent legal counsel is not available to the child" (Family Ct Act § 249), implicitly recognizes that appointment of a Law Guardian may not be necessary if the child's interests are be-

ing adequately represented by retained counsel, respondent's assertion that Family Court wrongly permitted McMahon to continue as Jordan's attorney is unpersuasive (*see, Matter of Elianne M.*, 196 AD2d 439, 440).

And, to the extent that respondent assails Family Court for its alleged partiality and insinuates that it engaged in improper ex parte communications with petitioner or McMahon, it suffices to note that these charges find no substantiation in the record. In short, there is no basis to overturn Family Court's order denying respondent's motion for recusal (*see, People v Moreno*, 70 NY2d 403, 405; *Matter of Flynn-Stallmer v Stallmer*, 167 AD2d 575, 578, *lv dismissed* 77 NY2d 939).

Respondent's remaining contentions—including his claim that Family Court incorrectly dismissed his petitions with prejudice and declared New Jersey (which is now Jordan's home State) to be a more appropriate forum for further custody and visitation disputes—are unconvincing (*see, e.g., Matter of Swain v Vogt*, 206 AD2d 703, 705; *Le Jeunne v Baker*, 182 AD2d 969; *Matter of Heitler v Hoosin*, 143 AD2d 1018, 1020). Because there is no indication, however, that Family Court communicated with the New Jersey courts to assure that jurisdiction will be exercised there, the matter must be remitted so that the court can make such a determination (*see,* Domestic Relations Law § 75-h [4]; *Matter of Swain v Vogt, supra,* at 706).

Mikoll, J. P., Crew III, White and Casey, JJ., concur. Ordered that the orders entered April 12, 1995, January 5, 1996, January 11, 1996, and March 26, 1996 are affirmed, without costs. Ordered that the order entered February 1, 1996 is modified, on the law, without costs, by remitting the matter to the Family Court of Broome County for further proceedings pursuant to Domestic Relations Law § 75-h (4), and, as so modified, affirmed.