■ In the Matter of JAMES R. PERRY, Respondent, v MARY E. PERRY, Appellant. [598 NYS2d 397] —Crew III, J. Appeal from an order of the Family Court of Clinton County (McGill, J.), entered June 1, 1992, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of the parties' children.

The parties were married in June 1981 and have three children, Walter (born July 29, 1982), Jeremy (born Feb. 1, 1986) and Alicia (born Aug. 24, 1989). The parties subsequently experienced marital difficulties and, in June 1991, respondent and the children left the marital residence and went to reside with respondent's paramour. Shortly thereafter, petitioner and respondent each commenced separate proceedings seeking custody of the children. In a series of temporary orders, Family Court awarded petitioner custody during the pendency of the proceedings, with liberal visitation to respondent. Family Court also ordered that both petitioner and respondent undergo alcohol evaluations; no misuse by either party was found and, hence, no treatment was recommended. Following a hearing Family Court, *inter alia,* awarded petitioner custody of the children, finding that petitioner's living situation was more stable than respondent's and that the children's best interest would be served by remaining in petitioner's household. This appeal by respondent followed.

It is beyond dispute that the primary consideration in any custody matter is the best interest of the child *(see, e.g., Matter of Williams v Williams,* 188 AD2d 906, 907; *Matter of McCauliffe v Peace,* 176 AD2d 382, 383; *Matter of Dinino v Deima,* 173 AD2d 1017, 1018). To that end, many factors must be considered, including the quality and stability of the respective home environments and each parent's past performance, relative fitness and ability to provide for and guide the child's intellectual and emotional development *(see, Synakowski v Synakowski,* 191 AD2d 836, 836-837; *Matter of Williams v Williams, supra,* at 907; *Matter of Haran-Buckner v Buckner,* 188 AD2d 705, 706-707; *Matter of Dinino v Deima, supra,* at 1018). Family Court's factual findings in this regard are traditionally accorded great deference *(see, e.g., Synakowski v Synakowski, supra,* at 836-837; *Matter of McCauliffe v Peace, supra,* at 383; *Matter of Fringo v Riccio,* 171 AD2d 963, 964)

and will be set aside only where they lack a sound and substantial basis in the record *(see, Matter of Gitchell v Gitchell,* 165 AD2d 890, 893).

Here, Family Court was faced with the difficult task of choosing between two parents who, although not perfect, appear to genuinely love and care for their children and, based upon our review of the record as a whole, we are unable to conclude that Family Court's decision lacks a sound and substantial basis in the record. Although respondent testified that she planned on residing with her paramour on a "permanent basis", and the probation officer who conducted the home studies ultimately found respondent's living arrangements to be adequate, the record amply supports Family Court's finding that petitioner's home provided a more stable environment for the parties' children. At the time Family Court rendered its decision, petitioner and the parties' children were residing with petitioner's parents, who were available to assist petitioner and provide child care when needed, and petitioner's father testified that petitioner and the children were welcome to remain there for as long as they wished.

Nor are we persuaded that Family Court's decision should be set aside because its custody determination was not in accordance with the recommendations made by the probation officer and the Law Guardian. These recommendations, although undeniably important and worthy of serious consideration, are not to be considered determinative *(see, Matter of Pasco v Nolen,* 154 AD2d 774, 776) and, indeed, Family Court would have been seriously remiss if it had delegated its fact-finding role and ultimate determination to these individuals *(see, e.g., Matter of Muzzi v Muzzi,* 189 AD2d 1022, 1023; *Matter of Gitchell v Gitchell, supra,* at 895). The record indicates that many considerations, including the relevant recommendations, entered into Family Court's decision-making process. The remaining arguments raised by respondent all distill to credibility determinations and, inasmuch as Family Court "had the advantage of seeing the witnesses and assessing their credibility firsthand" *(Matter of Fringo v Riccio,* 171 AD2d 963, 964, *supra),* we defer to its findings in this regard.

Weiss, P. J., Mikoll, Yesawich Jr. and Casey, JJ., concur. Ordered that the order is affirmed, without costs.