■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEOPOLD GRANT, Appellant. [602 NYS2d 3] —Judgment, Supreme Court, New York County (Ira Beal, J.), rendered February 26, 1991, convicting defendant, after nonjury trial, of criminal possession of a weapon in the third degree, and sentencing him to a term of imprisonment of 2 to 6 years' imprisonment, unanimously affirmed.

Upon an independent review of the evidence, we find that the verdict was not against the weight of the evidence (People v Bleakley, 69 NY2d 490). The purported inconsistencies in the testimony of the police officers were properly placed before the trier of fact, and its determination of credibility, unless unreasonable, should not be disturbed on appeal (see, People v Fonte, 159 AD2d 346, lv denied 76 NY2d 734). In view of defendant's prior criminal record and the record as a whole, we find no abuse of discretion in the sentence imposed. Concur—Rosenberger, J. P., Wallach, Asch and Rubin, JJ.

■ KATHLEEN RUSSO, Respondent, v MICHAEL MAIER, Appellant. [602 NYS2d 2] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered March 16, 1992, inter alia, awarding plaintiff sole custody of the parties' child, and order, same court and Justice, entered on or about December 17, 1992, denying defendant's motion for a change in custody, unanimously affirmed, without costs.

We agree with the IAS Court that an award of sole custody to plaintiff is in the best interests of the child. Plaintiff has been the child's primary caretaker since birth, and there is no evidence to demonstrate that plaintiff is in any way unfit to properly care for the child. Further, a change in custody would separate the child from her new half-brother (see, Fox v Fox, 177 AD2d 209, 210-211). As for child support, defendant's monthly support obligation was properly calculated pursuant to the Child Support Standards Act (Domestic Relations Law § 240 [1-b]), and there are no special circumstances to warrant a modification of the award.

We have considered defendant's other arguments and find them to be without merit. Concur—Rosenberger, J. P., Wallach, Asch and Rubin, JJ.