■ In the Matter of DEBORA G. STARK, Appellant, v HARRY J. STARK, Respondent. (And Another Related Proceeding.) [605 NYS2d 519] —Yesawich Jr., J. Appeal from an order of the Family Court of Broome County (Ray, J.), entered May 27, 1992, which, *inter alia,* granted respondent's cross application, in a proceeding pursuant to Family Court Act article 6, for sole custody of the parties' child.

The parties, who were married in August 1978, have one child, Callista, born in 1988. In September 1991 they entered into an agreement, subsequently adopted as an order by a Susquehanna County, Pennsylvania, court, which provided for joint custody of Callista, with respondent to have physical custody on weekdays from 8:00 A.M. until 5:30 P.M., on Saturdays when petitioner was required to work and on Sunday afternoons. With specific exceptions for holidays, petitioner was to have physical custody of Callista the remainder of the time. In October 1991, petitioner commenced this proceeding seeking primary physical custody of Callista; respondent cross-petitioned for sole legal and physical custody. Following a hearing, Family Court granted respondent's cross petition; petitioner appeals.

There is merit to petitioner's contention that Family Court, in arriving at its decision, should not have considered her past sexual involvement with respondent's father, for nothing in the record indicates that this relationship will adversely affect her ability to care for Callista *(see, Matter of Schwartz v Schwartz,* 144 AD2d 857, 859, *lv denied* 74 NY2d 604; *Guinan v Guinan,* 102 AD2d 963, 964). Reversible error has not resulted, however, for the court's other findings provide ample

basis for its decision (see, Matter of Perry v Perry, 194 AD2d 837; Synakowski v Synakowski, 191 AD2d 836, 837-838).

After considering the demeanor of both parties, Family Court found credible respondent's testimony, including his assertions that petitioner returned the child to him with dirty hair and dirty clothes, that petitioner was an extremely poor housekeeper, did not provide proper supervision for Callista, and had been fired from one job due to poor hygiene and from another due to suspicions regarding the disappearance of money. As for petitioner's assertions of respondent's improper care—she claimed that he permits Callista to play at his service station and to ride in a car without proper safety restraints—the court found them to be incredible. These credibility determinations are entitled to great weight (see, Eschbach v Eschbach, 56 NY2d 167, 173) and, after reviewing the record, we find no reason to disturb them.

Family Court also noted that Callista had expressed an intention to commit suicide as a result of her unhappiness while living with petitioner, and that respondent has extended family in the area, willing to assist with child care, but that petitioner has no such support system. Noteworthy also is the fact that Family Court found that petitioner needed to attend and complete a parenting class as soon as possible.

In short, the disposition, which was in accord with the Law Guardian's recommendation, was made after a careful consideration of the totality of the circumstances, with due regard for appropriate factors, such as stability, character and credibility, the relative fitness of the parents and the quality of each home environment, and appears to be in Callista's best interest (see, Matter of Dinino v Deima, 173 AD2d 1017, 1018).

Mikoll, J. P., Mercure, Crew III and Casey, JJ., concur. Ordered that the order is affirmed, without costs.