■ In the Matter of MARIA KAZMI, Appellant, v AHSAN KAZMI, Respondent. [608 NYS2d 535] —Yesawich Jr., J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Family Court of Rockland County (Warren, J.), entered September 10, 1991, which, *inter alia,* dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of the parties' child.

In September 1990, after the parties had separated, a New Jersey court temporarily placed their only child, a daughter born in August 1988, with respondent. In October 1990, petitioner commenced this proceeding seeking permanent sole custody of the child. After a fact-finding hearing, the petition was dismissed, respondent was awarded custody and petitioner was granted visitation. Petitioner appeals, asserting, *inter alia,* that Family Court's decision was not adequately supported by the evidence.

As the record evidence provides ample support for Family Court's determination, we affirm. Particularly notable is the testimony of Alan Tuckman, a court-appointed forensic psychiatrist who interviewed both parties. He opined that although they both understood the child's growth and development, and were adequate and fit parents, petitioner was extremely immature and impulsive in her behavior and thinking, demonstrated inappropriate judgment and reasoning, and displayed generally unrealistic expectations with regard to custody and visitation; he accordingly recommended that respondent be awarded custody. Tuckman also noted that an award of custody to respondent, who, unlike petitioner, readily admitted that his daughter should have attention and care from petitioner as well as from him, made it more likely that the child would be given access to both parents, an important consideration in matters of this type *(see, Weiss v Weiss,* 52 NY2d 170, 175; *Daghir v Daghir,* 82 AD2d 191, 194, *affd* 56 NY2d 938).

In addition to Tuckman's recommendation, Family Court

considered and found the testimony of respondent, in which he outlined his relationship with the child and the care he provides, "far more credible" than petitioner's testimony. Given that Family Court had the opportunity to evaluate the witnesses firsthand, and the record, fairly interpreted, confirms the court's credibility assessment, there is no reason to disturb this finding (see, Matter of Bogert v Rickard, 199 AD2d 587, 588; Synakowski v Synakowski, 191 AD2d 836).

Not inconsequential in this regard is the fact that respondent's statements were buttressed by those of several other witnesses who attested that the child is always clean and properly dressed when in respondent's care, appears very affectionate toward him, and that respondent interacts appropriately with the child when the two attend meetings of a single parents' group. Petitioner's derogatory accounts of respondent's treatment of her and the child—she maintains that respondent hit her daily and that he regularly delivered the child to her in a dirty and unkempt condition—are not borne out by the record, being either unsubstantiated or contradicted by respondent's testimony and that of the aforementioned disinterested witnesses.

When petitioner's allegations that respondent abused her and neglected the child are discounted, as they were by Family Court for good reason, the only remaining evidence demonstrates that both parties are fit and adequate parents, that respondent takes exemplary care of the child, and that petitioner has serious psychological problems, including instability and emotional immaturity. On this record, we find Family Court's award to be entirely appropriate.

Nor do we agree with petitioner's contention that Family Court gave undue weight to any single factor in arriving at its conclusion. In determining what is in the best interest of the child, the court must consider each parent's relative fitness and ability to guide the child's intellectual and emotional development, as well as the quality and stability of the parties' respective home environments (see, Eschbach v Eschbach, 56 NY2d 167, 172; Matter of Perry v Perry, 194 AD2d 837). Family Court's decision itself bears witness to the fact that these factors were considered, and that all of the evidence before the court was carefully examined and weighed, before a determination was made.

Also of no avail is petitioner's assertion that she was denied effective assistance of counsel (see, Family Ct Act § 262 [a] [v]; Matter of De Vivo v Burrell, 101 AD2d 607), for examination

of the record does not disclose deficiencies in strategy or performance sufficiently egregious to warrant reversal (see, Matter of Karen PP. v Clyde QQ., 197 AD2d 753, 754).

Cardona, P. J., Mercure, Casey and Weiss, JJ., concur. Ordered that the order is affirmed, without cost.