■ In the Matter of STEPHEN KAMHOLTZ, Respondent, v MYRA KOVARY, Appellant. [620 NYS2d 576] —Mikoll, J. P. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered August 20, 1993, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of the parties' children.

The issue before us is whether Family Court's change of custody of the children of the marriage from respondent to petitioner was supported by substantial evidence. Petitioner and respondent were married in September 1982 and divorced in May 1989. There are two children of the marriage: Arly Kamholtz, born in 1983, and Shoshana Kam-

holtz, born in 1985. In April 1988, Family Court awarded joint custody of the children to the parents. In September 1989, custody was awarded to respondent. In April 1993, petitioner initiated the instant petition seeking a modification of Family Court's prior order of custody, alleging a change in circumstances based on respondent's hospitalization in a mental health unit. Respondent was involuntarily committed there in March 1993 by her psychiatrist, having been diagnosed as suffering from, *inter alia,* manic depression, paranoia and persecutory delusions. She was discharged on April 19, 1993 but rehospitalized from June 1, 1993 to July 13, 1993 suffering from severe depression.

After a hearing, Family Court modified its prior order of custody by awarding custody of the parties' children to petitioner and granting respondent visitation rights. The court found that the children suffered as a result of respondent's illness. Her behavior was frightening to the children, causing them anxiety. Both children expressed fear of respondent and a wish to remain with petitioner.

The primary consideration in any custody matter is the best interest of the child *(see,* Domestic Relations Law § 70; *Matter of Perry v Perry,* 194 AD2d 837). A change in an established custody arrangement should be allowed only upon a showing of sufficient change in circumstances demonstrating a real need for a change in order to insure the child's best interest *(see, Matter of McCauliffe v Peace,* 176 AD2d 382, 383). The applicable standard is whether the totality of the circumstances warrants modification in the best interest of the child *(see, Eschbach v Eschbach,* 56 NY2d 167, 171). Family Court's factual findings in this regard are traditionally accorded great deference *(see, Matter of McCauliffe v Peace, supra,* at 383).

Here, there can be little dispute that respondent's mental illness favors modification of the custody of the children. The evidence relating to recurrence of respondent's mental disability and its effect on the children provides ample justification for Family Court's change in custody. In this regard, we find no merit in respondent's objection to the testimony of the school psychologist, on the ground that he was unqualified to offer a professional opinion regarding the children's psychological condition. The school psychologist holds a Master of Science Degree in counseling and psychology with 19 years of experience in the field. Family Court was within its power to credit his testimony.

We find no merit as well in respondent's objection to Family

Court's failure to appoint a Law Guardian for the children. While we recommend the appointment of a Law Guardian in circumstances such as this, the failure to do so here does not require reversal *(see, Matter of Hall v Keats,* 184 AD2d 825, 827).

Crew III, White, Casey and Peters, JJ., concur. Ordered that the order is affirmed, without costs.