■ In the Matter of PETE SCALIA, Appellant, v BRENDA SCALIA, Respondent. [629 NYS2d 497] —Cardona, P. J. Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered February 9, 1994, which, *inter alia,* dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of the parties' child.

The parties were married in 1987 and have one child, Jessica, who was born in 1988. The parties initially separated in November 1988 and respondent and Jessica relocated to the home of respondent's mother in Connecticut. While the parties were separated, respondent had a second daughter, Heather, by another man. In April 1992, petitioner and respondent reconciled and respondent, along with both children, moved back in with petitioner. In March 1993, following an argument between the parties, respondent took the children to Connecticut and left them in the care of Heather's father.

After discovering what respondent had done, petitioner picked up Jessica and, *inter alia,* initiated the instant petition for her custody. Family Court granted petitioner temporary custody of Jessica and a fact-finding hearing was scheduled. At the hearing, expert testimony was offered and both respondent and petitioner testified. In addition, Family Court conducted an in camera interview with Jessica. After the hearing, the court concluded that Jessica's best interest would be better served by returning custody to respondent. Family Court found that respondent would better advance the child's emotional and intellectual development and noted that, until the award of temporary custody to petitioner, respondent had been the primary caretaker since Jessica's birth. The court also emphasized the importance of not separating Jessica from Heather. The court reached its decision while observing that both parties were competent and loving parents. This appeal by petitioner followed.

In our view, Family Court's decision to award respondent custody of Jessica is supported by the evidence. We begin our analysis with the well-established premise that in any custody proceeding the primary consideration is the best interest of the

child (*see, e.g., Matter of Perry v Perry*, 194 AD2d 837; *Matter of Muzzi v Muzzi*, 189 AD2d 1022). As this Court has previously noted, this inquiry involves considering many factors, including maintaining stability in the child's life, the parents' relative fitness, the quality of the home environment and the competence of parental guidance (*see, Matter of Belden v Keyser*, 206 AD2d 610; *Matter of Perry v Perry, supra*). We also emphasize that Family Court's factual findings are traditionally accorded great deference (*see, Matter of Kamholtz v Kovary*, 210 AD2d 813). The trial court has the advantage of hearing the witnesses and weighing their credibility (*see, Matter of Vernon Mc. v Brenda N.*, 196 AD2d 823) and its decision will not be set aside unless it clearly lacks a sound and substantial basis in the record.

Here, returning Jessica to respondent promotes stability in her life. Except for the period during the pendency of this proceeding, Jessica was in respondent's primary custody since birth. The evidence also supports Family Court's finding that petitioner acquiesced to respondent having custody of Jessica when she relocated with the child to Connecticut in November 1988. Given that there is no indication that a change in custody will substantially enhance the child's welfare, it is in her best interest to keep custody with respondent (*see, Matter of Gitchell v Gitchell*, 165 AD2d 890). In this regard we also note the general desirability of keeping siblings together (*see, Matter of Mead v Mead*, 143 AD2d 454). Jessica and Heather have always lived together and the closeness of their affection for each other is evident from a review of the court's in camera interview with Jessica.

With respect to the question of parental fitness, the testimony of the experts for each side differed. In our view, Family Court's evaluation of the contrary testimony was not improper. Respondent's expert opined that, despite certain personal problems, respondent was a competent custodial parent. While the court-appointed expert recommended that petitioner receive custody, she also admitted that respondent was capable of nurturing Jessica and provided the child with a sense of safety, factors which the expert said a child needed for emotional development. As to respondent's emotional difficulties, Family Court pointed out that she was undergoing counseling and the record supports its conclusion that petitioner failed to establish that respondent's history made her incapable of parenting effectively.

The evidence presented at the hearing also indicated that both parties possess positive home environments. While,

concededly, consideration of the relative financial standing of the parents may be a relevant factor (see, Matter of Snoddy v Snoddy, 187 AD2d 884), it is not dispositive (see, Matter of Bilodeau v Bilodeau, 161 AD2d 906). Here, Family Court permitted inquiry into the parties' salaries and living conditions; the fact that it did not consider further evidence in this regard does not warrant disturbing its decision under the circumstances of this case. As to the issue of moral laxity or the sexual behavior of respondent, the record supports the court's conclusion that it was not shown to have adversely affected Jessica's welfare (see, Linda R. v Richard E., 162 AD2d 48; cf., Matter of Schwartz v Schwartz, 144 AD2d 857, lv denied 74 NY2d 604).

As a final matter, while the appointment of a Law Guardian is highly recommended in custody cases, the failure to do so under the particular circumstances of this case does not require a reversal (see, Matter of Kamholtz v Kovary, supra; see also, Matter of Hall v Keats, 184 AD2d 825). Petitioner's remaining arguments have been reviewed and rejected for lack of merit.

Mikoll, Mercure, Casey and Peters, JJ., concur. Ordered that the order is affirmed, without costs.