■ In the Matter of LEALAND A. KING, Respondent, v KAREN C. KING, Appellant. [638 NYS2d 980] —Mikoll, J.

At issue in this proceeding is whether Family Court erred in

concluding that the best interests of the two younger children of the marriage would be served by placing them with the petitioner. There were three children born of the parties' marriage: Kimberlee (born in 1982), Katrina (born in 1984) and Kerrin (born in 1986). Family Court awarded custody of Kimberlee to respondent and the two younger daughters to petitioner. Respondent appeals.

It is well settled that in determining child custody cases between two parents, the best interest standard governs (*see, Eschbach v Eschbach*, 56 NY2d 167, 171; *Friederwitzer v Friederwitzer*, 55 NY2d 89, 94; *Matter of Perry v Perry*, 194 AD2d 837; *Synakowski v Synakowski*, 191 AD2d 836). Many factors must be considered and weighed using this standard and no single factor is dispositive (*see, Eschbach v Eschbach, supra*, at 171; *Matter of Belden v Keyser*, 206 AD2d 610, 611; *Synakowski v Synakowski, supra*, at 836). "Family Court's factual findings in this regard are traditionally accorded great deference * * * and will be set aside only where they lack a sound and substantial basis in the record" (*Matter of Perry v Perry, supra*, at 837-838 [citation omitted]; *see, Matter of Belden v Keyser, supra*, at 610-611).

We reject respondent's assertion that Family Court erred by basing its decision in part on the fact that petitioner would enroll the children in public schools when she was qualified to home school them in a program substantially equivalent to the instruction they would receive at the local public school. Respondent claims that Family Court deprived her of her right to privately educate her children and that this was an abuse of the court's discretion. As petitioner contends, it was not the fact of home schooling that was decisive in this issue but the manner in which respondent structured and conducted the home instruction which was not ideal. Moreover, public school offered broader educational advantages and would increase development of the children's social skills. The prospective educational opportunity that each parent could provide the children is relevant in a best interest analysis (*see, Matter of Saunders v Saunders*, 60 AD2d 701) and Family Court's conclusion on this issue was rational and had a basis in the record.

Likewise, respondent's claim that, because she was the primary caretaker of the two children, custody should have been awarded to her absent a finding that she was an unfit parent, is rejected. Though respondent's role as caretaker is one of the factors to be considered in the best interest analysis, it is but one of several relevant factors to consider (*see, Matter of Scalia v Scalia*, 217 AD2d 780, 781; *Russo v Maier*, 196 AD2d 720).

Similarly, respondent's argument that the court did not properly consider the disparity in the religious convictions between the parties is without merit. The court's order indicates that the court considered and attempted to accommodate the parties' different religious attitudes. Religion is a factor which may be considered but it is not the sole determinant in awarding custody (*see, Aldous v Aldous,* 99 AD2d 197, 199, *appeal dismissed* 63 NY2d 674, *cert denied* 469 US 1109).

It also appears from the record that Family Court gave due consideration to the expressed preference of each child as to which parent they would like to live with (*see, Matter of Ostrander v Ostrander,* 150 AD2d 944, 945). Respondent's contention that Family Court unduly relied on allegations of her interference with petitioner's visitation rights in the past is without merit. Family Court cited respondent's interference with petitioner's visitation as one of the reasons for its determination. It was proper for Family Court to consider this factor in arriving at its decision (*see, Matter of Gago v Acevedo,* 214 AD2d 565, 566, *lv denied* 86 NY2d 706). While neither parent was ideal, Family Court considered the relative positive and negative attributes of each in assessing their fitness as parents. Thus, Family Court's finding in favor of petitioner cannot be said to be lacking a sound and substantial basis in the record (*see, Matter of Perry v Perry,* 194 AD2d 837, 837-838, *supra*).

We find no merit as well in respondent's claims that Family Court improperly separated the children in reliance on the report of Matie Flowers. Family Court did not rely solely on Flowers' psychiatric report or on her testimony that splitting the children was a possible solution. The emotional turmoil between the parents in the last several years has been detrimental to the children's well-being. We also note that the Law Guardian concluded that separating the children was the only workable solution in view of respondent's unorthodox views (e.g., that all men are sexual predators). He opined that such views raise serious doubts about respondent's judgment and would negatively influence the children's attitude against all men, including their father. Respondent also claims that the failure to interview respondent makes Flowers' report invalid. This does not follow since it is the effect that the separation will have on the sibling, not its effect upon respondent, that is at issue here. Family Court remarked that it was basing its decision on other reasons as well, and we conclude that the decision should be upheld.

Finally, respondent's claim that inadmissible hearsay tainted

Family Court's decision, causing substantial prejudice to respondent by denying her due process, is without merit. The court's in camera interview with each of the three children provided verification of the statements the children were said to have made to others, eliminating any prejudice that may have been caused by the reception of the statements (*see, Matter of Rush v Rush*, 201 AD2d 836, 837-838). We have examined respondent's remaining contentions and find them to be without merit.

Cardona, P. J., White, Casey and Spain, JJ., concur. Ordered that the order is affirmed, without costs.