■ In the Matter of BRIAN D. LUMBERT, Appellant, v SHELA J. LUMBERT, Respondent. [645 NYS2d 164] —Mercure, J. Appeal from an order of the Family Court of St. Lawrence County (Nelson, J.), entered October 6, 1994, which, *inter alia*, dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of the parties' child.

In January 1992 petitioner commenced this proceeding for custody of the parties' then six-year-old daughter, Samantha. After a limited hearing, Family Court established temporary custody with respondent, subject to scheduled visitation with petitioner. Trial was conducted before the court on a number of dates throughout 1992 and 1993, and Family Court issued its decision in July 1994 finding that it was in the best interest

of the child that sole custody be awarded to respondent and that petitioner have substantial visitation rights. In so finding, Family Court reviewed a variety of factors supporting the conclusion that neither parent was unfit or superior to the other, but found that the most important determining factor was stability for the child. In that connection, Family Court gave great weight to the opinion of Dennis McKillop, a clinical psychologist and expert in custody evaluations, that "the psychological bond that has grown up between [respondent] and [Samantha] should not be disrupted at this time, and that if that relationship was disrupted, there would be a potential detriment to [Samantha]". Petitioner appeals from the final order of custody entered October 6, 1994.

We affirm. Initially, we are not persuaded that Family Court improperly relied upon the temporary custody placement as the basis for its decision to grant custody to respondent. Fundamentally, the applicable standard in determining custody disputes between two parents is the child's best interest (*see, Eschbach v Eschbach*, 56 NY2d 167, 171; *Friederwitzer v Friederwitzer*, 55 NY2d 89, 94; *Matter of King v King*, 225 AD2d 819, 820). Although there are no absolutes (*Friederwitzer v Friederwitzer, supra*, at 93), there are recognized factors to be considered and weighed, including the potential effect a change of custody will have on the child (*see, Matter of Gitchell v Gitchell*, 165 AD2d 890, 894). In this case, Family Court's consideration of an array of factors produced no clear preference, justifying its resort to stability and maintenance of the status quo as the pivotal factor (*see, Matter of Moorehead v Moorehead*, 197 AD2d 517, 519, *appeal dismissed* 82 NY2d 917; *see also, Matter of Nehra v Uhlar*, 43 NY2d 242, 250; *cf., Matter of Rohan v Rohan*, 213 AD2d 804, 806).

Contrary to petitioner's characterization, however, we do not view this as a case where a temporary award of custody preordained the permanent award. Other factors analyzed in Family Court's decision, including petitioner's attempts to control and manipulate respondent and Samantha, militated in favor of a grant of permanent custody to respondent. In addition, the "long-standing nurturing relationship" between respondent and Samantha that guided Family Court's decision was by no means limited to the period of the temporary custody award.

As a final matter, our review of the record reveals ample factual support for McKillop's conclusions (*see,* CPLR 4515; *McKilligan v McKilligan*, 156 AD2d 904, 907), including his personal interviews with petitioner, respondent and Samantha

and his review of materials that each party sent him, and there exists a sound and substantial basis for Family Court's determination to credit his opinion (*see, Matter of King v King, supra,* at 821; *Matter of Perry v Perry,* 194 AD2d 837, 837-838). Petitioner's attacks on McKillop's testimony merely raise issues of credibility, which Family Court resolved in favor of respondent as an appropriate exercise of its fact-finding authority (*see, Matter of William KK.,* 214 AD2d 779, *lv denied* 86 NY2d 703; *Matter of Perry v Perry, supra,* at 837-838).

Cardona, P. J., White, Casey and Peters, JJ., concur. Ordered that the order is affirmed, without costs.