■ In the Matter of GINA REED, Appellant, v JOSEPH H. REED, Respondent. [658 NYS2d 532] —White, J. Appeal from an order of the Family Court of Cortland County (Mullen, J.), entered September 27, 1995, which, inter alia, in a proceeding pursuant to Family Court Act article 6, awarded the parties joint custody of their child.

Shortly before their daughter's second birthday, the parties, on April 5, 1991, entered into a separation agreement* providing for joint legal custody with each parent having physical custody of the child for several days each week. The parties never complied fully with their agreement; rather, petitioner maintained physical custody while respondent picked the child up three to five mornings a week and returned her in the afternoon. This practice continued until August 1993 when the child entered the Head Start program. At that point, respondent began exercising his visitation rights on alternate weekends and, commencing in October 1994, started visiting with her every weekend. Respondent's visitation rights reverted to alternate weekends in December 1994, when

---

* The agreement was subsequently incorporated, but not merged, into the parties' divorce decree.

petitioner initiated this proceeding seeking sole custody. This prompted a cross petition from respondent for the same relief. After an evidentiary hearing, the Law Guardian recommended the continuation of the joint custody arrangement with petitioner having physical custody. Family Court's determination followed the recommendation insofar as joint custody was concerned, but deviated from it with regard to physical custody. Instead, the court directed that respondent have physical custody for the first half of the 1994-1995 school year with petitioner having physical custody during the second half. Family Court further provided that its order would continue unless either party, after June 30, 1996, petitioned for modification. Instead of following this procedure, petitioner elected to appeal.

The overarching principle in a child custody proceeding is that the court's determination must reflect the child's best interest (see, Matter of Scalia v Scalia, 217 AD2d 780). The record shows that the parties are capable parents, equally adept at fulfilling their parental responsibilities, who initially were able to work together for the good of the child. However, after petitioner's male companion spoke to the child in an inappropriate manner, their relationship became strained to the point that they were communicating mostly through the child. Given this animosity and demonstrated inability to communicate, Family Court's award of joint custody was not in the child's best interest (see, Matter of De Losh v De Losh, 235 AD2d 851, 854; Matter of Ellis v Ellis, 233 AD2d 678, 680; Matter of Sellen v Wright, 229 AD2d 680). Accordingly, we reverse and, since the record before us may not accurately reflect the parties' present circumstances, including their present level of cooperation and communication, remit for a new hearing on the issue of custody.

We note that even if joint custody was warranted, reversal would have been required since Family Court's order was not in the child's best interest as it required her to change schools and school districts in the middle of the school year.

Cardona, P. J., Mercure, Crew III and Carpinello, JJ., concur. Ordered that the order is reversed, on the law and the facts, without costs, and matter remitted to the Family Court of Cortland County for new hearing with petitioner to have custody of the child until further order, with respondent having such visitation rights as were set forth in Family Court's order dated March 1, 1995.