■ In the Matter of Craig M. Slattery, Respondent, v Heather D. Slattery, Appellant. [674 NYS2d 172] —Mikoll, J. P. Appeal from an order of the Family Court of Otsego County (Pines, J.), entered March 3, 1997, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for primary physical custody of the parties' child.

Petitioner and respondent were married on July 10, 1993.

They have a son, Collin, born in 1994. Respondent moved out of the family home on June 10, 1996, taking Collin with her, and now resides with the child and her paramour in a rented house. She runs a day-care facility out of her home, caring for 10 to 13 children a day. Petitioner is a policy writer for an insurance company. He resides in his own home, adjacent to his parents' home. Both parties sought custody of the child. After a hearing, Family Court found both parents to be fit, awarded joint custody to them with primary physical custody to petitioner, setting out, as well, a schedule for liberal custodial visits with respondent. Respondent appeals.

Respondent contends that Family Court erred in awarding primary physical custody to petitioner and urges that the record does not support the basis for the court's determination. She also contends that the best interest of the child is not served by the decision.

Neither parent has a prima facie right to custody of their child (*Friederwitzer v Friederwitzer*, 55 NY2d 89, 93). As noted by Family Court, the standard to be used in determining child custody is to look at the totality of the circumstances to see what is in the best interest of the child (*see, Eschbach v Eschbach*, 56 NY2d 167, 171). While the inquiry requires the assessment of various factors, unless the decision lacks a sound and substantial basis in the record, deference will be accorded to Family Court because of its opportunity to observe the witnesses' demeanor and assess their credibility (*see, Eschbach v Eschbach, supra*, at 173).

Basing its determination to award petitioner primary physical custody, Family Court found that although both parents were fit and concerned for the welfare of the child, petitioner offered a more stable home environment buttressed by the support his family gave him and the child. It concluded that primary custody with petitioner in all probability guaranteed the possibility of easier access of the other parent to the child than if respondent had primary custody. Family Court noted that respondent revealed a hostile attitude to her husband as did her paramour, and that this was detrimental to the best interest of the child.

The totality of the evidence clearly supports Family Court's determination.

Crew III, Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.