■ In the Matter of ANDRE M. HERNANDEZ, Respondent, v NOVA L. SHERWOOD, Appellant. [678 NYS2d 831] —Graffeo, J. Appeal from an amended order of the Family Court of Tompkins County (Sherman, J.), entered March 5, 1997, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of the parties' minor child.

Prior to the birth of the child in April 1996, petitioner and respondent had planned to reside together in Onondaga County

where petitioner was employed and attending college. However, after the child was born, respondent remained in Tompkins County and retained primary custody. In July 1996 petitioner filed a petition seeking sole custody of the child and respondent cross-petitioned for the same relief. Family Court issued an interim order of custody in September 1996, providing respondent with temporary sole custody and granting petitioner visitation. At the conclusion of a fact-finding hearing, Family Court awarded petitioner sole custody of the child and granted respondent visitation privileges. Respondent appeals.

Upon our review of the entire record, it is evident that petitioner has steady employment, the desire and ability to properly care for the child, the support of his family and has demonstrated no inclination to curtail respondent's visitation. In contrast, respondent has manifested an intent to prevent visitation. Further, respondent has had sporadic employment and has resided at several locations since the birth of the child. Testimony revealed that she resided with her boyfriend, but he was not presented as a witness nor did respondent testify regarding his relationship with the child. Petitioner and his mother, Patricia Chittenden, who often cared for the child, testified that respondent neglected to obtain medical treatment for the child when needed. Chittenden also indicated that while she was babysitting, respondent never left a telephone number where she could be reached. Although respondent contends that petitioner has threatened her and currently has a drug problem, these claims were unsubstantiated. Petitioner acknowledged his past drug usage and testified regarding his drug treatment in 1993.

It is well settled that the best interest of the child based on the totality of the circumstances is paramount when determining custody (*see, Eschbach v Eschbach*, 56 NY2d 167; *Matter of Slattery v Slattery*, 251 AD2d 805; *Matter of Hotaling v Hotaling*, 249 AD2d 707; *Matter of Brewer v Whitney*, 245 AD2d 842). Family Court, while choosing not to follow the Law Guardian's recommendation, gave due consideration to her opinion (*see, Matter of Perry v Perry*, 194 AD2d 837) and found that petitioner should be awarded custody. In its determination, Family Court emphasized that petitioner would provide a more stable environment (*see, Matter of Scalia v Scalia*, 217 AD2d 780) and that respondent's hatred of petitioner and her attempt to "eliminate" petitioner's relationship with the child (*see, Matter of Slattery v Slattery, supra; Matter of Belden v Keyser*, 206 AD2d 610) was contrary to the best interest of the child. According substantial deference to Family Court (*see,*

*Matter of Morgan v Becker*, 245 AD2d 889), we find that a sound and substantial basis existed for the court's determination (*see, Matter of Copeland v Copeland*, 232 AD2d 822, *lv denied* 89 NY2d 806).

We have considered the remaining contentions of respondent and find them to be without merit.

Mercure, J. P., White, Peters and Spain, JJ., concur. Ordered that the amended order is affirmed, without costs.