■ In the Matter of STEVEN K. McGIVNEY, Respondent, v LENORE F. WRIGHT, Appellant. [748 NYS2d 794] —Kane, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered April 6, 2001, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties' child.

Petitioner and respondent, who have never married, are the parents of a daughter, born August 28, 2000. Petitioner commenced this proceeding seeking sole legal and physical custody, alleging that if respondent were to have custody, the child would be at risk, socially and psychologically. After a six-day custody hearing, Family Court granted full custody to petitioner, and respondent appeals. In our view, Family Court's decision to award petitioner sole custody of the child is supported by the evidence.

"We begin our analysis with the well-established premise that in any custody proceeding the primary consideration is

the best interest of the child" (*Matter of Scalia v Scalia,* 217 AD2d 780, 780-781; *see Matter of Perry v Perry,* 194 AD2d 837, 837; *Matter of Muzzi v Muzzi,* 189 AD2d 1022, 1023). As this Court has previously noted, this inquiry involves considering many factors, including maintaining stability in the child's life, the parents' relative fitness, the quality of the home environment and the competence of parental guidance (*see Matter of Belden v Keyser,* 206 AD2d 610, 611; *Matter of Perry v Perry, supra* at 837). We also emphasize that Family Court's factual findings are traditionally accorded great deference (*see Matter of Kamholtz v Kovary,* 210 AD2d 813, 814). The trial court has the advantage of hearing the witnesses and weighing their credibility (*see Matter of Vernon Mc. v Brenda N.,* 196 AD2d 823, 823) and "its decision will not be set aside unless it clearly lacks a sound and substantial basis in the record" (*Matter of Scalia v Scalia, supra* at 781; *see Matter of Storch v Storch,* 282 AD2d 845, 846, *lv denied* 96 NY2d 718; *Matter of Lukaszewicz v Lukaszewicz,* 256 AD2d 1031, 1033).

In petitioner's custody, the child will be raised in a stable home environment with extended family support and financial security. In contrast, respondent has limited ties to the community, has changed residences frequently and has limited family contact, none of whom reside where respondent resides. Of further significance is petitioner's professed willingness to provide flexible and liberal visitation to respondent. This, contrasted with respondent's communication to Family Court of her willingness to cut off contact between father and daughter if he does not "behave properly," paired with her decision not to permit petitioner time alone with the child after the child's birth, supports an affirmance. In considering what will promote the best interests of a child, this Court has stated that "[t]hese factors * * * must include, in our view, a fostering of access to the noncustodial parent" (*Matter of Berghorn v Berghorn,* 273 AD2d 595, 596; *see Matter of Storch v Storch, supra* at 846).

Similarly, we find a substantial basis for the denial of joint custody. " 'An award of joint custody is only appropriate where the parties involved are relatively stable, amicable parents * * * capable of cooperating in making decisions on matters relating to the care and welfare of the children' " (*Murray v Skiff-Murray,* 289 AD2d 805, 806, quoting *Trolf v Trolf,* 126 AD2d 544, 544, *lv dismissed* 69 NY2d 1038 [citations omitted]). Here, the record is clear that, although the parties are courteous with each other, there was little communication with respect to important issues. The reliance of respondent on the

unusual theories and advice of her advisors and friends in making important decisions about the child's life provides additional support for Family Court's decision. Finally, it is not inappropriate for the court to reject the recommendation of the evaluating psychologist and Law Guardian where there is, as in this case, sufficient evidence to support a contrary view (*see Salerno v Salerno*, 273 AD2d 818, 818).

Accordingly, we find no error in Family Court's award of sole custody to petitioner.

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.