■ KEITH WHITE, Appellant, v GABRIELA WHITE, Respondent. [898 NYS2d 8]—

Order, Supreme Court, New York County (Joan B. Lobis, J.),

entered May 27, 2008, which, after a nonjury trial, awarded to defendant mother primary residential custody of the subject child, as well as final decision-making on health-related issues, extracurricular activities and education through eighth grade, granted plaintiff father final decision-making on religion and on education after eighth grade, and issued a comprehensive parental access schedule, unanimously affirmed, without costs.

In the totality of the circumstances, the joint custody arrangement crafted by the court was in the child's best interest and has a sound and substantial basis in the record (*see Eschbach v Eschbach*, 56 NY2d 167 [1982]). In reaching this determination, the court considered the appropriate factors, including defendant's traditional role as the child's primary caregiver, the strengths and weaknesses of both parents, and the child's need for nurturing, guidance and the meaningful involvement of both parents. The court also gave proper consideration to the fact that both parents had, at times, placed their own needs above the child's best interests. For example, in 2005, defendant took the then two-year-old child to Germany for four months without plaintiff's permission. Plaintiff does not challenge the court's finding that shortly after the child was returned to this country, plaintiff refused to call him for a three-week period as a "message of protest" regarding his access to the child. On this score, the court cited a forensic evaluator's unchallenged observation that plaintiff did not appear to appreciate how the child might perceive this absence of contact by his father.

The court's award provided the child with stability in that he would continue to reside primarily with defendant, while ensuring plaintiff's significant role in longer-term matters of religion and education. Plaintiff's participation in all other matters was ensured by the court's direction that the parties consult with each other on all issues in good faith.

We note, contrary to plaintiff's assertions, that the German court to which he applied for return of the child did not declare defendant a kidnapper or "child abductor." Rather, the record shows that the Hague Convention proceedings initiated by plaintiff were dismissed, upon agreement of the parties, without any such finding having been made. The German court stated, in describing the mother's actions in transporting the child to Germany, "[i]f this was initially against the law, [it was] negligible," since both parents were entitled to joint custody. The court did not overlook the German proceedings and appropriately considered the import of the proceedings in rendering its detailed and well-balanced decision.

In order to allay plaintiff's fears that defendant might again

take the child abroad, the court directed that neither party could remove the child from this country without the express written consent of the other parent or an order of the court. Since the award was a form of joint custody, disobeying the court's ban on foreign travel would permit the other party to petition for return of the child under the terms of the Hague Convention on the Civil Aspects of International Child Abduction (1343 UNTS 89, TIAS No. 11670 [1980]; *see* 42 USC § 11601; *cf. Matter of Welsh v Lewis*, 292 AD2d 536 [2002]; *Croll v Croll*, 229 F3d 133 [2d Cir 2000], *cert denied* 534 US 949 [2001]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Gonzalez P.J., DeGrasse, Freedman, Manzanet-Daniels and Román, JJ.

Motion seeking an adjournment of the appeal and related relief denied as moot.