Matter of Alexis A.T. v Gary C.T. (2022 NY Slip Op 02644)

Matter of Alexis A.T. v Gary C.T.

2022 NY Slip Op 02644

Decided on April 21, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 21, 2022

Before: Manzanet-Daniels, J.P., Kern, Singh, Kennedy, Mendez, JJ. 

Docket No. V-18219-13/18C , V-18219-13/19E, V-12219-13/21F Appeal No. 15780-15780A Case No. 2021-02980, 2021-02791 

[*1]In the Matter of Alexis A.T., Petitioner-Appellant,
v
Gary C.T., Respondent-Respondent.

Andrew J. Baer, New York, for appellant.
Steven P. Forbes, Huntington, for respondent.
Janet Neustaetter, The Children's Law Center, Brooklyn (Laura Solecki of counsel), attorney for the child.

Orders, Family Court, Bronx County (Ariel D. Chesler, J.), entered on or about August 3, 2021, which, to the extent appealed from as limited by the briefs, after a hearing, granted respondent father's petition for modification of the August 2013 custody and visitation order and awarded him primary physical custody and final decision-making authority as to major issues in the child's life, and dismissed the mother's petition alleging a violation of the August 2013 order, unanimously affirmed, without costs.
The determination that a significant change of circumstances warranted modification of the August 2013 custody order to ensure the best interests of the child has a sound and substantial basis in the record (see Matter of Barry H. v Veronica S., 175 AD3d 427 [1st Dept 2019]; Matter of Ivan J. v Kathryn G., 164 AD3d 1151 [1st Dept 2018]). As was not the case at the time of the August 2013 order, by the time the father petitioned for a modification, the child had lived with him consistently for years. During those years, he had taken responsibility for her education, beginning with kindergarten, when she first came into his care; by the time of his hearing testimony, she was about to start sixth grade. He had taken responsibility for her medical care. He and the child lived with his girlfriend, with whom the child had a positive relationship. The paternal grandmother was consistently available to help care for the child and had a positive relationship with her. The court properly considered these circumstances and the overall stability they provide in the child's life in determining that the prior physical custody award in the mother's favor was no longer in the child's best interests (see Matter of Nadine T. v Lastenia T., 161 AD3d 491 [1st Dept 2018]) and that, given the father's proven ability to provide for the child's medical and educational needs, it was in her best interests that he have final decision-making authority as to such matters (e.g. Matter of Holle v Holle, 55 AD3d 991 [3d Dept 2008]).
The mother's argument that the father wrongfully retained the child and barred her from access is not supported by the record. Nor has she identified any other efforts she made before 2018 to address the father's allegedly wrongful retention of the child.
The court, which granted the mother significant parenting time, properly balanced the expressed wishes of the child, who was 11 years old at the time of the in camerainterview, with the other factors relevant to determining a child's best interests, and devised a custody order that, under the circumstances, will enable the child to develop and maintain an extensive relationship with each parent (e.g. Zwillman v Kull,
90 AD3d 774 [2d Dept 2011]).
We have considered the mother's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 21, 2022