Velin M. v Bermet T. (2023 NY Slip Op 05238)

Velin M. v Bermet T.

2023 NY Slip Op 05238

Decided on October 17, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 17, 2023

Before: Webber, J.P., Oing, Gesmer, Rodriguez, Rosado, JJ. 

Index No. 300797/16 Appeal No. 797 Case No. 2023-00751 

[*1]Velin M., Plaintiff-Appellant,
v
Bermet T., Defendant-Respondent.

Velin M., appellant pro se.
Bermet T., respondent pro se.
Daniel X. Robinson, New York, attorney for the child.

Order, Supreme Court, New York County (Kelly O'Neill Levy, J.), entered July 6, 2022, which, to the extent appealed from as limited by the briefs, granted defendant mother's motion for an order modifying the parties' parenting agreement, dated April 11, 2018, and awarded the mother primary physical custody of subject child and final decision-making authority with respect to all major decisions for the child, denied plaintiff father's cross-motion asking the court to remove barriers to his travel to the United States, and denied the father's motion for the appointment of a guardian ad litem for the half-sibling of the subject child, unanimously affirmed, without costs.
Supreme Court's determination to modify the parties' parenting agreement and grant primary custody to the mother has a sound and substantial basis in the record and is in the best interests of the child (see Matter of Alexis A.T. v Gary C.T., 204 AD3d 555, 555-556 [1st Dept 2022]). The court properly determined that the mother had shown a sufficient change of circumstances to justify a change in custody — namely, the father's voluntary relocation to Bulgaria, a country thousands of miles from the child's home in New York City. The relocation rendered the parties' access schedule impossible, and under the circumstances, the agreement's original custody provisions awarding the parties joint legal and physical custody were no longer feasible(see Matter of Yvette F. v Corey J.G., 177 AD3d 549, 550 [1st Dept 2019]). For the same reason, the court also had a sound and substantial basis for finding that it was no longer in the child's best interests for the father to continue to have primary decision-making authority on certain major issues.
Supreme Court was not required to hold an evidentiary hearing to determine the parties' various motions, as it already had sufficient information to make an informed determination as to the child's best interests (Matter of Veronica D. v Loreni S., 179 AD3d 582 [1st Dept 2020]). The court has presided over this matter since 2020 and is fully familiar with the facts and the parties.
The father offers no reason to revisit the court's determination that it lacked jurisdiction over the child's half sibling, who is not the subject of this custody dispute and does not live in New York State. Although the father maintains that Supreme Court had jurisdiction over the half sibling by reason of its jurisdiction over the subject child, the case law he cites to support this argument is inapposite.
Supreme Court correctly concluded that it is the State Department and not the Court which has the authority to remove restrictions, if any, on his United States passport so that he could return to the United States.
We do not reach the arguments asserted for the first time in the father's reply brief. Were we to consider those arguments, we would reject them, because Supreme Court's core financial determinations were made in a previous order, which the father [*2]unsuccessfully appealed to this Court.
We have considered the father's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 17, 2023