Matter of Shainiska D. v Gage D. (2025 NY Slip Op 05299)

Matter of Shainiska D. v Gage D.

2025 NY Slip Op 05299

Decided on October 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 02, 2025

Before: Manzanet-Daniels, J.P., Friedman, Pitt-Burke, Rosado, Chan, JJ. 

V-13977/22 V-13978/22 V-22811/22 V-22812/22|Appeal No. 4796|Case No. 2024-04579|

[*1]In the Matter of Shainiska D., Petitioner-Respondent,
v
Gage D., Respondent-Appellant. 

Geoffrey P. Berman, Larchmont, for appellant.
Carol L. Kahn, New York, for respondent.

Order, Family Court, Bronx County (Erin E. Browne, Ref.), entered on or about June 10, 2024, which, to the extent appealed from as limited by the briefs, after a fact-finding hearing, granted petitioner mother's petition for sole physical and legal custody of the subject children and, in effect, denied respondent father's cross-petition for sole physical and legal custody, unanimously affirmed, without costs.
The parties do not dispute that joint custody was inappropriate in this case because of the acrimonious relationship between them and their inability to productively and effectively communicate with each other (see Matter of Chirag C. v Jaimie D., 226 AD3d 470, 471 [1st Dept 2024], lv denied 42 NY3d 907 [2024]; Lubit v Lubit, 65 AD3d 954, 955 [1st Dept 2009], lv denied 13 NY3d 716 [2010]). Furthermore, Family Court's determination that the children's best interests would be served by awarding sole physical and legal custody to the mother was based on a thorough assessment of the testimony of the parties and is supported by a sound and substantial basis (see Eschbach v Eschbach, 56 NY2d 167 [1992]; Lubit, 65 AD3d at 955). The court had the benefit of a full evidentiary hearing, and its determination rests on its assessments of the witnesses' demeanor and credibility (see Eschbach, 56 NY2d 167; Matter of Carl T. v Yajaira A.C., 95 AD3d 640, 641 [1st Dept 2012]). The court also properly considered all relevant circumstances, including the overall stability each parent provided to the children's lives (see Russo v Maier, 196 AD2d 720, 720 [1st Dept 1993]). The children had lived with the mother consistently since birth, and she had been primarily responsible for their medical care and education. She was also able to provide the children with adequate housing and financial support, and the maternal grandmother was regularly available to assist with their care (see Matter of Alexis A.T. v Gary C.T., 204 AD3d 555, 555-556 [1st Dept 2022]). In addition, the mother complied with the father's court-ordered parenting time.
The father's actions while the family was living in the Dominican Republic created lingering mistrust between the parents and negatively affected their ability to co-parent. Specifically, the father became concerned at the potentially unsafe condition of their residence, and without discussing these issues with the mother, lied to her and absconded with the children, bringing them back to his father's home in Oregon and withholding them for 10 days. These actions separated a breastfeeding infant from her mother, until the children were finally returned to the mother in accordance with a court order. This incident suggests that even though both parents at times withheld information from each other, the mother is more likely to foster the relationship between the father and children, and less likely to place her own needs above those of the children (see Chirag C., 226 AD3d at 471; White v White, 71 AD3d 473, 474 [1st Dept 2010]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 2, 2025